**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**1. SEE NOTICE ON REVERSE.**   **2. PLEASE TYPE OR PRINT.**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: Maheu v. Twitter, Inc. | District Court or Agency: SDNY | Judge: Gregory H. Woods |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: 06/23/2025 | District Court Docket No.: 1:25-cv-836-GHW |
| | Date the Notice of Appeal was Filed: 06/26/2025 | Is this a Cross Appeal? Yes ☐  ✓ No |

**Attorney(s) for Appellant(s):**
Plaintiff ☐
✓ Defendant

Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:
Kenneth M. Trujillo-Jamison, CA State Bar No. 280212
Willenken LLP
707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
Tel: (213) 955-9250; Fax: (213) 955-9250
Email: ktrujillo-jamison@willenken.com

**Attorney(s) for Appellee(s):**
✓ Plaintiff
Defendant ☐

Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:
Shannon Liss-Riordan, NY Bar No. 2971927
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000, Boston, MA 02116
Tel: (617) 994-5800
Email: sliss@llrlaw.com

| Has Transcript Been Prepared? No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? Yes ☐  ✓ No |
|---|---|---|---|

If Yes, provide the following:
Case Name:
2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.)

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

**PART A: JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party ☐   Diversity ✓ | Final Decision ☐   Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) ☐ |
| Federal question (U.S. not a party) ☐   Other (specify): _____ | Interlocutory Decision Appealable As of Right ☐   Other (specify): Order to unseal confidential document ✓ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

1. Stage of Proceedings

Pre-trial
During trial
✓ After trial

2. Type of Judgment/Order Appealed

Default judgment
Dismissal/FRCP 12(b)(1) lack of subj. matter juris.
Dismissal/FRCP 12(b)(6) failure to state a claim
Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
Dismissal/28 U.S.C. § 1915(e)(2) other dismissal

Dismissal/other jurisdiction
Dismissal/merit
Judgment / Decision of the Court
Summary judgment
Declaratory judgment
Jury verdict
Judgment NOV
Directed verdict
✓ Other (specify): Order (Dkt. 32)

3. Relief

Damages:
__ Sought: $ _____
__ Granted: $ _____
__ Denied: $ _____

Injunctions:
Preliminary
Permanent
Denied

**PART C: NATURE OF SUIT** (Check as many as apply)

1. Federal Statutes

Antitrust
Bankruptcy
Banks/Banking
Civil Rights
Commerce,
Energy
Commodities
Other (specify): _____

Communications
Consumer Protection
Copyright □ Patent
Trademark
Election
Soc. Security
Environmental

Freedom of Information Act
Immigration
Labor
OSHA
Securities
Tax

2. Torts

Admiralty/ Maritime
Assault / Defamation
FELA
Products Liability
Other (Specify):

3. Contracts

Admiralty/ Maritime
Arbitration
Commercial
Employment
Insurance
Negotiable Instruments
Other Specify

4. Prisoner Petitions

Civil Rights
Habeas Corpus
Mandamus
Parole
Vacate Sentence
Other

5. Other

Forfeiture/Penalty
Real Property
Treaty (specify): _____
Other (specify): _____

6. General

✓ Arbitration
Attorney Disqualification
Class Action
Counsel Fees
Shareholder Derivative
Transfer

7. Will appeal raise constitutional issue(s)?
✓ Yes       No

Will appeal raise a matter of first impression?
✓ Yes       No

1. Is any matter relative to this appeal still pending below?    Yes, specify: _____    ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

(A)  Arises from substantially the same case or controversy as this appeal?    Yes   ✓ No

(B)  Involves an issue that is substantially similar or related to an issue in this appeal?    Yes   ✓ No

If yes, state whether "A," or "B," or both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 07/09/2025 | Signature of Counsel of Record: /s/ Kenneth M. Trujillo-Jamison |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

*Maheu v. Twitter, Inc.* – No. 25-1608

Addendum A

(1)     X Corp.[1] appeals from an order denying its motion to seal a confidential arbitration award (the "Award") filed in the U.S. District Court for the Southern District of New York. In the court below, petitioner Jean-Phillippe Maheu filed a petition to confirm the Award, obtained after a confidential arbitration between him and X Corp., and also moved to keep the Award under seal. After the petitioner voluntarily dismissed his petition, The New York Times Company and Kate Conger, a journalist employed by The New York Times, sought to unseal the Award. X Corp. moved to keep the Award under seal, but the district court denied that motion in a June 23, 2025 order.[2] This appeal followed.

(2)     The petition was voluntarily dismissed, and the district court denied X Corp.'s motion to seal the Award.

(3), (4)     Please see attached.

---

[1] In the district court action, petitioner named as defendants both Twitter, Inc. and X Corp. Twitter, Inc. has been merged into X Corp. and therefore no longer exists.
[2] In a June 24, 2025 order, the district court stayed the execution of the district court's June 23, 2025 order. By operation of that order, the "viewing level" of the confidential arbitration award has not been changed. *See* June 24, 2025 order at 3.

*Maheu v. Twitter, Inc.* – No. 25-1608

## Addendum B

1. Whether the district court erred by concluding the issue whether the Award should be sealed arose under the First Amendment, not the common law right of access.
    a. Applicable standard of review – de novo

2. Whether the district court erred by denying X Corp.'s motion to seal the Award on the grounds that, under the First Amendment right of public access, sealing the Award was not essential to preserve higher values and not narrowly tailored to serve that interest.
    a. Applicable standard of review – abuse of discretion

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JEAN-PHILIPPE MAHEU
_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

TWITTER, INC., et al.
_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

1:25-CV-00836 (GHW)

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _____

X Corp.
_____
(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☒ order entered on: 6/23/2025
_____
(date that judgment or order was entered on docket)

that: denied X Corp.'s motion to seal a copy of the arbitration award filed in this action (*see* Dkt. 28).
_____

_____
(If the appeal is from an order, provide a brief description above of the decision in the order.)

6/26/2025
_____    _____
Dated                Signature*

Trujillo-Jamison, Kenneth M.
_____
Name (Last, First, MI)

707 Wilshire Blvd., Suite 4100    Los Angeles    California    90017
_____    _____    _____    _____
Address              City              State              Zip Code

(213) 955-8031                      ktrujillo-jamison@willenken.com
_____                    _____
Telephone Number                    E-mail Address (if available)

_____
* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00836-GHW

Maheu v. Twitter, Inc. et al
Assigned to: Judge Gregory H. Woods
Cause: 09:1 U.S. Arbitration Act

Date Filed: 01/28/2025
Date Terminated: 02/12/2025
Jury Demand: None
Nature of Suit: 896 Other Statutes:
Arbitration
Jurisdiction: Diversity

**Petitioner**

**Jean-Philippe Maheu**

represented by **Shannon Liss-Riordan**
Lichten & Liss-Riordan PC
729 Boylston St. Ste.2000
Boston, MA 02116
617-994-5800
Fax: 617-994-5801
Email: sliss@llrlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Twitter, Inc.**

represented by **Kenneth Michael Trujillo-Jamison**
Willenken LLP
707 Wilshire Blvd, Suite 4100
Los Angeles, CA 90017
213-955-8031
Fax: 213-955-9250
Email: ktrujillo-jamison@willenken.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Michael Shimamoto**
Willenken LLP
707 Wilshire Blvd.
Ste 4100
Los Angeles, CA 90017
213-955-9240
Fax: 213-955-9250
Email: pshimamoto@willenken.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**X Corp.**

represented by **Kenneth Michael Trujillo-Jamison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Michael Shimamoto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**The New York Times Company**                    represented by **Al-Amyn Shiraz Sumar**
The New York Times Company
1627 I Street NW
Suite 700
Washington, DC 20006
646-306-4201
Email: al-amyn.sumar@nytimes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Tai**
The New York Times Company
Legal Department
620 8th Ave
New York, NY 10018
212-556-1244
Email: timothy.tai@nytimes.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Kate Conger**                    represented by **Al-Amyn Shiraz Sumar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Tai**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2025 | 1 | PETITION TO CONFIRM ARBITRATION. (Filing Fee $ 405.00, Receipt Number ANYSDC-30529536).Document filed by Jean-Philippe Maheu. (Attachments: # 1 Exhibit Exhibit 1 - Arbitration Award, # 2 Exhibit Exhibit 2 - Dispute Resolution Agreement, # 3 Exhibit Exhibit 3 - Arbitrator Appointment).(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/28/2025 | 2 | CIVIL COVER SHEET filed..(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/28/2025 | 3 | MOTION to Seal *Arbitration Award*. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/28/2025 | 4 | MOTION to Confirm Arbitration . Document filed by Jean-Philippe Maheu. (Attachments: # 1 Supplement Memorandum of Law, # 2 Affidavit Affidavit of Shannon Liss-Riordan, # 3 Exhibit Exhibit 1 - Arbitration Award, # 4 Exhibit Exhibit 2 - Dispute Resolution Agreement, # 5 Exhibit Exhibit 3 - Arbitrator Appointment).(Liss-Riordan, Shannon) (Entered: 01/28/2025) |

| 01/28/2025 | 5 | ***SELECTED PARTIES***REDACTION to 3 MOTION to Seal *Arbitration Award*., 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, by All Parties Motion or Order to File Under Seal: 3 .(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
|---|---|---|
| 01/29/2025 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 01/29/2025) |
| 01/29/2025 | | Magistrate Judge Robert W. Lehrburger is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 01/29/2025) |
| 01/29/2025 | | Case Designated ECF. (pc) (Entered: 01/29/2025) |
| 01/29/2025 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Shannon Liss-Riordan. The following case opening statistical information was erroneously selected/entered: Citizenship Defendant code 2 (Citizen of Another State); County code New York;. The following correction(s) have been made to your case entry: the Citizenship Defendant code has been modified to 5 (Incorporated/Principal Place of Business-Other State); the County code has been modified to XX Out of State;. (pc)** (Entered: 01/29/2025) |
| 01/29/2025 | 6 | ORDER: Accordingly, it is hereby ORDERED that Petitioner shall file and serve a statement pursuant to Local Civil Rule 56.1 and any additional materials with which he intends to support the petition, including any affidavits or declarations attesting that the exhibits to the petition are true and correct copies of what they purport to be, no later than February 12, 2025. Respondents' opposition is due by March 5, 2025. Petitioners reply, if any, is due by March 19, 2025. Petitioner is directed to serve the petition and supporting materials upon respondent by February 5, 2025 and to file an affidavit of such service with the Court by February 10, 2025. SO ORDERED. ( Replies due by 3/19/2025., Responses due by 3/5/2025) (Signed by Judge Gregory H. Woods on 1/29/2025) (sgz) (Entered: 01/29/2025) |
| 01/30/2025 | 7 | MEMO ENDORSEMENT denying without prejudice 3 Motion to Seal ENDORSEMENT Application denied without prejudice. Petitioner's motion to seal the arbitration award, Dkt. No. 5, is denied without prejudice. The arbitration award is a "judicial document," as it has been placed before the court by the parties and...is relevant to the performance of the judicial function and useful in the judicial process." Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020) (quotation omitted). Accordingly, the arbitration award is subject to "a potent and fundamental presumptive right of public access." Id. at 58. A partys unelaborated "position" that the arbitration award should not be public," Dkt. No. 3, is not a basis to defeat that presumptive right of public access, see Mirlis, 952 F.3d at 59; see also DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action."). Nor is a partys unelaborated "understand[ing]" that another party believes that the arbitration award should not be public. Dkt. No. 3. Any renewed motion to seal must comply with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, which requires, among other things, that a motion to seal "explain the particular reasons" for seeking to file a document, or information within a document, under seal. Petitioner is directed to file the arbitration award on the public docket on February 12, |

| | | |
|---|---|---|
| | | 2025, unless a motion to seal is submitted by any party before that date. Petitioner should not file the arbitration award on the public docket before February 12, 2025. Petitioner is directed to serve a copy of this order on Respondents by February 5, 2025 and to file an affidavit of such service with the Court by February 10, 2025. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3. SO ORDERED.. (Signed by Judge Gregory H. Woods on 1/29/2025) (jca) (Entered: 01/30/2025) |
| 01/31/2025 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Twitter, Inc., re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 01/31/2025) |
| 01/31/2025 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to X Corp., re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 01/31/2025) |
| 02/03/2025 | 10 | ELECTRONIC SUMMONS ISSUED as to X Corp...(pc) (Entered: 02/03/2025) |
| 02/03/2025 | 11 | ELECTRONIC SUMMONS ISSUED as to Twitter, Inc...(pc) (Entered: 02/03/2025) |
| 02/10/2025 | 12 | AFFIDAVIT OF SERVICE. Twitter, Inc. served on 2/4/2025, answer due 2/25/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu., AFFIDAVIT OF SERVICE of Summons, Petition to Confirm, Civil Cover Sheet, Motion to Seal, Motion to Confirm, Sealed Award, Court Orders served on Twitter, Inc. on 2/4/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/10/2025) |
| 02/10/2025 | 13 | AFFIDAVIT OF SERVICE. X Corp. served on 2/4/2025, answer due 2/25/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu., AFFIDAVIT OF SERVICE of Summons, Petition to Confirm, Civil Cover Sheet, Motion to Seal, Motion to Confirm, Sealed Award, Court Orders served on X Corp. on 2/4/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu.. (Liss-Riordan, Shannon) (Entered: 02/10/2025) |
| 02/10/2025 | 14 | AFFIDAVIT OF SERVICE of Summons, Petition to Confirm, Civil Cover Sheet, Motion to Seal, Motion to Confirm, Sealed Award, Court Orders served on Twitter, Inc. and X Corp. on 2/4/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/10/2025) |
| 02/12/2025 | 15 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, against the defendant(s) All Parties. Document filed by Jean-Philippe Maheu. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Liss-Riordan, Shannon) (Entered: 02/12/2025) |
| 02/12/2025 | 16 | NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i):Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner Jean-Philippe Maheu hereby gives notice that this action is voluntarily dismissed. Plaintiff has voluntarily dismissed this case pursuant to F.R.C.P. 41(a)(1)(A)(i). The Clerk of Court is directed to close this case. (Signed by Judge Gregory H. Woods on 2/12/2025) (rro) (Entered: 02/13/2025) |
| 02/21/2025 | 17 | LETTER MOTION for Leave to File Application to Unseal Judicial Documents addressed to Judge Gregory H. Woods from The New York Times Company, Kate Conger dated February 21, 2025. Document filed by The New York Times Company, Kate Conger.. (Sumar, Al-Amyn) (Entered: 02/21/2025) |

| 02/22/2025 | 18 | ORDER: To that end, the deadline to submit a motion to seal in this case is extended to March 7, 2025. If no motion to seal is filed by that date, the Court will grant The Times's request for an order unsealing the Award. If a motion to seal is filed by that date, The Times may submit a reply. See Dkt. No. 17 at 4 n.5. The Times's reply, if any, is due one week after the date of service of any motion to seal. Petitioner is ordered to serve a copy of this order on Respondents by February 28, 2025 and to retain proof of service. SO ORDERED. (Motions due by 3/7/2025.) (Signed by Judge Gregory H. Woods on 2/22/2025) (mml) (Entered: 02/24/2025) |
|---|---|---|
| 02/28/2025 | 19 | AFFIDAVIT OF SERVICE of Letter Motion for Leave to File Application to Unseal Judicial Documents; Court Order Dated February 22, 2025 served on Twitter, Inc. on 2/25/2025. Service was accepted by Ingrid Lopez. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/28/2025) |
| 02/28/2025 | 20 | AFFIDAVIT OF SERVICE of Letter Motion for Leave to File Application to Unseal Judicial Documents; Court Order Dated February 22, 2025 served on X Corp. on 2/25/2025. Service was accepted by Ingrid Lopez. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/28/2025) |
| 02/28/2025 | 21 | NOTICE OF APPEARANCE by Peter Michael Shimamoto on behalf of Twitter, Inc., X Corp...(Shimamoto, Peter) (Entered: 02/28/2025) |
| 02/28/2025 | 22 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent X Holdings Corp. for Twitter, Inc., X Corp.. Document filed by Twitter, Inc., X Corp... (Shimamoto, Peter) (Entered: 02/28/2025) |
| 02/28/2025 | 23 | LETTER MOTION for Extension of Time to File *Motion to Seal* addressed to Judge Gregory H. Woods from Peter Shimamoto dated 2/28/2025. Document filed by Twitter, Inc., X Corp...(Shimamoto, Peter) (Entered: 02/28/2025) |
| 03/01/2025 | 24 | ORDER granting 23 Letter Motion for Extension of Time to File. Application granted. Respondents' request for an extension of time to file a motion to seal, Dkt. No. 23, is granted. The deadline for Respondents to submit a motion to seal is extended to March 21, 2025. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 23. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/1/2025) (mml) (Entered: 03/03/2025) |
| 03/01/2025 | | Set/Reset Deadlines: Motions due by 3/21/2025. (mml) (Entered: 03/03/2025) |
| 03/06/2025 | 25 | LETTER addressed to Judge Gregory H. Woods from Shannon Liss-Riordan dated March 6, 2025 re: New York Times Letter (Dkt. 17). Document filed by Jean-Philippe Maheu.. (Liss-Riordan, Shannon) (Entered: 03/06/2025) |
| 03/21/2025 | 26 | MOTION for Kenneth M. Trujillo-Jamison to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30807732. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Twitter, Inc., X Corp.. (Attachments: # 1 Affidavit of Kenneth M. Trujillo-Jamison In Support of Motion to Admit Counsel Pro Hac Vice with Certificate of Good Standing, # 2 Proposed Order Granting Pro Hac Vice Admission). (Trujillo-Jamison, Kenneth) (Entered: 03/21/2025) |
| 03/21/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 26 MOTION for Kenneth M. Trujillo-Jamison to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30807732. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 03/21/2025) |
| 03/21/2025 | 27 | ORDER granting 26 Motion for Kenneth M. Trujillo-Jamison to Appear Pro Hac Vice. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (va) (Entered: |

7/9/25, 11:32 AM

SDNY CM/ECF NextGen Version 1.8.3

| | | 03/21/2025) |
|---|---|---|
| 03/21/2025 | 28 | LETTER MOTION to Seal *Unredacted Version of Final Award* addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 3/21/2025. Document filed by Twitter, Inc., X Corp.. (Attachments: # 1 Exhibit REDACTED Final Arbitration Award). (Trujillo-Jamison, Kenneth) (Entered: 03/21/2025) |
| 03/21/2025 | 29 | ***EX-PARTE*** BRIEF re: 28 LETTER MOTION to Seal *Unredacted Version of Final Award* addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 3/21/2025. . Document filed by Twitter, Inc., X Corp.. (Attachments: # 1 Exhibit UNREDACTED Final Arbitration Award)Motion or Order to File Under Seal: 28 . (Trujillo-Jamison, Kenneth) (Entered: 03/21/2025) |
| 03/28/2025 | 30 | NOTICE OF APPEARANCE by Timothy Tai on behalf of Kate Conger, The New York Times Company..(Tai, Timothy) (Entered: 03/28/2025) |
| 03/28/2025 | 31 | LETTER REPLY to Response to Motion addressed to Judge Gregory H. Woods from The New York Times Company, Kate Conger dated March 28, 2025 re: 17 LETTER MOTION for Leave to File Application to Unseal Judicial Documents addressed to Judge Gregory H. Woods from The New York Times Company, Kate Conger dated February 21, 2025., 28 LETTER MOTION to Seal *Unredacted Version of Final Award* addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 3/21/2025. . Document filed by Kate Conger, The New York Times Company..(Tai, Timothy) (Entered: 03/28/2025) |
| 06/20/2025 | 32 | ORDER denying 28 Letter Motion to Seal. Respondents' motion to seal the Award is denied. Barring further order of the Court, the Clerk of Court is directed to modify the viewing level of Dkt. No. 5 and 28 to permit public access to those documents on June 26, 2025. The Clerk of Court is further directed to terminate the motion pending at Dkt. No. 28. (Signed by Judge Gregory H. Woods on 6/20/2025) (rro) (Entered: 06/23/2025) |
| 06/23/2025 | 33 | LETTER MOTION to Stay re: 32 Order on Motion to Seal, addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 6/23/2025. Document filed by Twitter, Inc., X Corp...(Trujillo-Jamison, Kenneth) (Entered: 06/23/2025) |
| 06/24/2025 | 34 | ORDER granting 33 Letter Motion to Stay. Application granted. The Clerk of Court is directed to not change the viewing level on the documents filed at Dkt. Nos. 5 and 28 until 28 days from the date of this order. The viewing level will not be changed if Respondents file a timely notice of appeal unless and until the Court orders otherwise. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 33. (Signed by Judge Gregory H. Woods on 6/24/2025) (sgz) (Entered: 06/24/2025) |
| 06/26/2025 | 35 | NOTICE OF APPEAL from 32 Order on Motion to Seal,. Document filed by Twitter, Inc., X Corp.. Filing fee $ 605.00, receipt number ANYSDC-31295860. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Trujillo-Jamison, Kenneth) (Entered: 06/26/2025) |
| 06/27/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 35 Notice of Appeal,..(nd) (Entered: 06/27/2025) |
| 06/27/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 35 Notice of Appeal, filed by Twitter, Inc., X Corp. were transmitted to the U.S. Court of Appeals..(nd) (Entered: 06/27/2025) |

**PACER Service Center**

**Transaction Receipt**

SDNY CM/ECF NextGen Version 1.8.3

| 07/09/2025 14:32:42 | | | |
|---|---|---|---|
| **PACER Login:** | ktrujillojamison | **Client Code:** | 8026-062 |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-00836-GHW |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEAN-PHILIPPE MAHEU,

                          Petitioner,

                -against-

TWITTER, INC., *et al.*,

                        Respondents.
------------------------------------------------------------------X

1:25-cv-836-GHW

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2025

GREGORY H. WOODS, District Judge:

      One distinguishing facet of the American legal system is its commitment to public access to the trial process. This legacy of "open justice" is as old as America itself. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 590 (1980) (Brennan, J. concurring). Respondents, Twitter, Inc. and X Corp., have asked that the Court seal an arbitral award because it was the product of a confidential arbitration proceeding. That fact alone does not overcome the presumption of public access to the award safeguarded by the First Amendment to the United States Constitution. Therefore, Respondents' motion to seal is DENIED.

## I.    BACKGROUND

      The life cycle of this case before the Court was short. On January 28, 2025, Petitioner Jean-Phillippe Maheu filed a petition to confirm an arbitral award issued in his favor. Dkt. No. 1 (the "Petition"). The Petition asserted that Mr. Maheu had been employed by Twitter, Inc. ("Twitter") and that he had been terminated in November 2022. *Id.* ¶ 6. As a result of his termination, Mr. Maheu filed an arbitration demand pursuant to a dispute resolution agreement between him and Twitter. *Id.* ¶ 7. On November 22, 2024—just over two months before this action was commenced—the arbitrator entered an award in Mr. Maheu's favor. *Id.* ¶ 10.

Attached to the Petition was a copy of the arbitral award that Mr. Maheu sought to enforce. Dkt. Nos. 1-1; 5 (the "Award"). Mr. Maheu asked for leave to file the Award under seal. Dkt. No. 3. As justification for the request to seal the award, he wrote only that "Petitioner is seeking to file this Award under seal out of an abundance of caution because he understands that Twitter takes the position that the Award should not be public." *Id.* The Court denied that request on January 29, 2025, noting that Petitioner's rationale was not sufficient to overcome the "potent and fundamental presumptive right of public access" to the Award. Dkt. No. 7. The Court ordered Petitioner to "file the arbitration award on the public docket on February 12, 2025, unless a motion to seal is submitted by any party before that date." *Id.*

According to the docket, Petitioner served Respondents on February 4, 2025. Dkt. Nos. 13, 14. Eight days later, on February 12, 2025, Petitioner filed a stipulation dismissing this action. Dkt. No. 15. The Court endorsed the stipulation the same day. Dkt. No. 16. Presumably understanding that the dismissal relieved him of the obligation to do so, Petitioner did not file the Award on the docket as the Court had previously directed.

On February 21, 2025, reporter Kate Conger and The New York Times Company (together, "The Times") filed a letter requesting that the Court unseal the Award. Dkt. No. 17. The Court responded with an order extending the deadline for a party to file a motion to seal the Award. Dkt. No. 18. As the Court explained, "because this action was dismissed before the deadline to file a motion to seal the Award had passed, the parties in this case may have believed that they did not need to file a motion to seal the Award." *Id.* at 2.

Mr. Maheu filed a letter on March 6, 2025, asking that the Court redact the "dollar amount of the award." Dkt. No. 25. He requested "this partial redaction for privacy purposes and submits that the dollar amount of this particular award is not of great public interest or importance, in contrast perhaps to the substance of the decision through which the award was issued." *Id.*

Twitter filed a motion to seal the Award on March 21, 2025. Dkt. No. 28 ("X Mot."). The Times responded on March 28, 2025. Dkt. No. 31 ("Times Rep.").

## II.    LEGAL STANDARD

The parties agree that there is a First Amendment right of access to the Petition and the Award that was attached to it. X Mot. at 2 (arguing that "several factors counsel against public disclosure of the Final Award and constitute higher values that outweigh the First Amendment right of public access.").[1] When a First Amendment right of access attaches to a document, "there exists a qualified, presumptive First Amendment right of public access to the proceeding or document." *Courthouse News Service v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025). "[I]f such a presumptive right exists, the proponent of closure must establish through specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotations and citations omitted). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*

The First Amendment right of access to documents is analytically distinct from the common law right of access to judicial documents. "In contrast to the First Amendment right, the common law right attaches with different weight depending on two factors: (a) 'the role of the material at

---

[1] The Second Circuit has articulated two approaches to determine whether the First Amendment right attaches to a document. "To determine whether this First Amendment right attaches in circumstances such as the one before us, we look, first, to whether 'experience and logic' support making the document available to the public. That is, we consider (a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *U.S. v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). "Petitions to confirm arbitration awards . . . are subject to the presumption of public access under the First Amendment because '[i]n circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done.'" *Alexandria Real Est. Equities v. Fair*, 2011 WL 6015646 at *2 (quoting *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, 2008 WL 1805459 at *2–*3 (S.D.N.Y. 2008)).

issue in the exercise of Article III judicial power' and (b) 'the resultant value of such information to those monitoring the federal courts.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164–65 (2d Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "In addition to the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring secrecy. Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct when analyzing a particular proceeding or document." *Id.*

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

### III.    ANALYSIS

Respondents have failed to meet their burden to justify sealing of the Award. The public's right of access to the Award is presumptively protected by the First Amendment. Respondents have not presented a sufficient basis for the Court to find that the presumption has been overcome. The basis for Respondents' request that the Court seal the Award in its entirety is the fact that the Award was the product of a confidential arbitration process. Respondents argue that the "Second Circuit has repeatedly affirmed the 'FAA's strong policy protecting the confidentiality of arbitral proceedings,' which is a 'paradigmatic aspect of arbitration.'" X. Mot. at 2 (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70, 71 (2d Cir. 2023)). And, Respondents contend, the Award

"contains, among other things the 'contents' and 'results' of the underlying arbitration, which the parties agreed to keep confidential." *Id.*

Respondents' argument relies heavily on the Second Circuit's decision in *Stafford*.[2]  In *Stafford*, the Court of Appeals reversed a trial court's decision to unseal an arbitral award that had been submitted in connection with a petition for arbitration.  The Second Circuit analyzed the application to seal using the framework outlined in *Mirlis v. Greer*, which applies to the evaluation of the common law presumption of public access to judicial documents.[3]  *Stafford*, 78 F.4th at 69.  Applying that test, the Second Circuit determined that the arbitral award was a "judicial document," but that the presumption of public access was "weaker here because the petition to confirm the award was moot," and thus the award "played no role in the exercise of Article III judicial power . . . ." *Id.* (internal quotations and citations omitted).

The Second Circuit ruled that the trial court had erred by "failing to consider and give appropriate weight to the 'countervailing factors' at issue." *Id.* at 70.  The court pointed to two issues that the district court had failed to consider properly.  First, the Second Circuit noted that "[i]n weighing disclosure, courts must consider not only the sensitivity of the information and the subject but also how the person seeking access intends to use the information." *Id.* (internal quotations omitted).  This consideration weighed against sealing the award in *Stafford* because of the plaintiff's "improper effort to evade the confidentiality provision of the [arbitration] Agreement."

---

[2] Respondents recognize that Stafford is only "instructive," not dispositive authority.  X. Mot. at 2.

[3] In *Mirlis v. Greer*, the Second Circuit summarized the three steps that a court should follow to analyze whether the presumption of public access attaches to a document under the common law right of public access and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted).  Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*  The court in *Stafford* did not explain why it applied the common law test rather than the First Amendment test.

*Id.* at 69. The plaintiff sought to misuse the litigation process to evade the confidentiality protection for her arbitral award "to enable her counsel to use the award in the litigation of ADEA claims of other former IBM employees." *Id.* at 71. The Circuit opined that "[s]uch efforts to evade the confidentiality provision to which Stafford agreed in her arbitration agreement are a strong countervailing consideration against unsealing." *Id.*

Second, the Second Circuit held that the trial court had erred "because it failed to weigh the FAA's strong policy in favor of confidentiality." *Id.* at 69. Noting that "[c]onfidentiality is a paradigmatic aspect of arbitration," *id.* at 71 (internal quotation omitted), the court stated that "We have affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal." *Id.* The Second Circuit then concluded that: "The district court's conclusion that 'the enforcement of contracts . . . does not constitute a higher value that would outweigh the presumption of public access to judicial documents' did not fully account for the context of Stafford's unsealing motion." *Id.* "In short, the presumption of access to judicial documents is outweighed here by the interest in confidentiality and because Stafford's apparent purpose in filing the materials publicly is to launder their confidentiality through litigation." *Id.*

Three aspects of the decision in *Stafford* must be highlighted here. First, the Second Circuit did not create a categorical rule that the confidential nature of an arbitral award overcomes the presumption of public access to judicial documents, even in the context of the common law presumption. Second, the court in *Stafford* considered the application to seal using the common law standard, which permitted it to determine that the weight of the presumption was low. And third, it reminded district courts to consider the purpose for which a request to seal or unseal a document is made.

The preservation of the confidentiality of an arbitral award, by itself, is not a "higher value" that overcomes the presumption of access afforded by the First Amendment. *See, e.g., Lohnn v. Int'l*

*Bus. Machines Corp.*, 2022 WL 36420 at *13 (S.D.N.Y. 2022) ("[T]he interest in arbitral confidentiality has never been understood to alone be sufficient to overcome the public's right to access judicial documents when otherwise confidential arbitral documents are submitted to a federal court in connection with a request for the Court to enter judgment or issue a dispositive order.") (collecting cases); *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, 2019 WL 4688705 at *3 (S.D.N.Y. 2019) (noting that the existence of a confidentiality agreement, on its own, is "insufficient to overcome the First Amendment presumption of access" (quoting *Alexandria Real Est. Equities, Inc. v. Fair*, 2011 WL 6015646 at *3 (S.D.N.Y. 2011))); *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, 2012 WL 3583176 at *6 (S.D.N.Y. 2012) ("Courts in this District have held that the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access, and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement." (internal quotation marks and citation omitted)); *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144 at *5 (S.D.N.Y. 2023).

Respondents offer no other reason for the Court to seal the Award in its entirety in this case. Here there is no indication that Petitioner had an improper purpose in filing the petition. Nor does any party argue that The Times seeks to unseal the Award for improper purposes. To grant Respondents' motion to seal the Award in its entirety on this record would require the Court to establish a general rule that the confidential nature of an arbitral award suffices on its own to override the First Amendment right of access to a document filed with the Court. The Court has no basis upon which to do so. *See, e.g.*, *Lohnn*, 2022 WL 36420, at *13.[4]

---

[4] Respondents argue that the presumption of public access to the Award is "weak because Petitioner voluntarily dismissed his petition before the Court considered it." X Mot. at 2. But this argument is misplaced because the Court is evaluating a document to which the First Amendment, rather than the common law, test applies. "In contrast to the First Amendment right, the common law right attaches with different weight . . . ." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164–65 (2d Cir. 2013). All of the cases that Respondents cite in support of this argument regarding the weight

The fact that the Award contains financial information regarding Petitioner does not justify sealing the Award. As described above, Petitioner asks that the Court redact the dollar amount of his financial award. Dkt. No. 25. And Respondents argue that the "Award also includes private financial information about Petitioner that warrants sealing." X Mot. at 2. The Court acknowledges that courts "routinely permit parties to redact sensitive financial information" from public filings. *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (collecting cases). But neither Petitioner nor Respondents have provided the Court with an affidavit, or even a factual proffer, explaining the nature of the harm to Petitioner should the amount of the award be disclosed to the public in this case. And the Court observes that Petitioner did not assert any interest in sealing any portion of the Award when it was first filed. The fact that Petitioner did not ask for the information to be sealed initially suggests that the harm to him from disclosure of the information is not substantial. Lacking any factual basis to conclude that the disclosure of the amount of the award to Petitioner will result in concrete harm to him, the Court cannot make the specific finding required to overcome the presumption of public access to the Award.

Respondents have not provided the Court with sufficient justification to warrant overcoming the First Amendment presumption of public access to the Award. Thus, Respondents' motion is denied.

---

to be afforded the presumption apply the common law test. X Mot. at 2.

## IV.    CONCLUSION

Respondents' motion to seal the Award is denied.  Barring further order of the Court, the

Clerk of Court is directed to modify the viewing level of Dkt. No. 5 and 28 to permit public access

to those documents on June 26, 2025.  The Clerk of Court is further directed to terminate the

motion pending at Dkt. No. 28.

SO ORDERED.

Dated:  June 20, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge