# No. 25-1608

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

Jean-Philippe Maheu,
*Petitioner-Appellee,*
*vs.*
Twitter, Inc. and X Corp.
*Respondents-Appellants,*
*and*
The New York Times Company and Kate Conger
*Intervenors-Appellees.*

---

Appeal from an Order of the
United States District Court for the
Southern District of New York
Case No. 1:25-cv-836-GHW
Hon. Gregory H. Woods, United States District Judge

---

**BRIEF FOR
RESPONDENT-APPELLANT X CORP.**

---

Kenneth M. Trujillo-Jamison
**Willenken LLP**
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

*Counsel for X Corp.*

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT.................................... i

INTRODUCTION.......................................................................... 1

STATEMENT OF JURISDICTION................................................ 5

STATEMENT OF THE ISSUES.................................................... 5

STATEMENT OF THE CASE........................................................ 6

I.  MAHEU'S PETITION TO CONFIRM THE AWARD.................. 6

II.  THE PARTIES' EFFORTS TO SEAL THE AWARD.................. 6

III.  THE DISTRICT COURT DENIES X CORP.'S MOTION TO
     SEAL...........................................................................................11

IV.  THE TIMES'S OTHER ATTEMPTS TO UNSEAL ARBITRATION
     AWARDS INVOLVING FORMER TWITTER EMPLOYEES...... 13

SUMMARY OF ARGUMENT...................................................... 17

STANDARD OF REVIEW........................................................... 19

ARGUMENT............................................................................... 19

I.  THE DISTRICT COURT ERRED BY DETERMINING THE FIRST
    AMENDMENT RIGHT OF PUBLIC ACCESS ATTACHED TO
    THE AWARD........................................................................... 19

II.  THE DISTRICT COURT ABUSED ITS DISCRETION BY
     DECIDING TO UNSEAL THE AWARD.................................... 26

III.  THE DISTRICT COURT ABUSED ITS DISCRETION BY
      DENYING X CORP.'S REQUEST FOR LEAVE TO FILE AN
      AMENDED MOTION TO SEAL............................................ 34

CONCLUSION.......................................................................... 35

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abelar v. Int'l Bus. Machs. Corp.*,
  144 S. Ct. 827 (2024) ...................................................................15

*Alexandria Real Est. Equities v. Fair*,
  No. 11 Civ. 3694 (LTS), 2011 WL 6015646
  (S.D.N.Y. Nov. 30, 2011) ....................................................... 11, 22

*Am. Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013) ...................................................................35

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
  814 F.3d 132 (2d Cir. 2016)......................................................23, 24

*Billie v. Coverall N. Am., Inc.*,
  No. 23-672-cv, 2024 WL 4380618 (2d Cir. Oct. 3, 2024) ............. passim

*Chandler v. IBM Corp.*,
  No. 22-1733, 2023 WL 4987407 (2d Cir. Aug. 4, 2023) .......................16

*Clearwater Ins. Co. v. Granite State Ins. Co.*,
  No. 15-cv-165, 2015 WL 500184 (S.D.N.Y. Feb. 5, 2015) .....................8

*Cornet v. Twitter, Inc.*,
  No. 1:23-CV-441-TMH, 2025 WL 1158350
  (D. Del. Apr. 18, 2025)......................................................... passim

*DiRussa v. Dean Witter Reynolds Inc.*,
  121 F.3d 818 (2d Cir. 1997)........................................................29

*Eletson Holdings, Inc. v. Levona Holdings Ltd.*,
  No. 23-cv-7331, 2023 WL 5956144 (S.D.N.Y. Sept. 13, 2023)..............8

*Gambale v. Deutsche Bank AG*,
  377 F.3d 133 (2d Cir. 2004).........................................................29

*Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*,
  No. 23-CV-05219 (ALC), 2024 WL 1329381
  (S.D.N.Y. Mar. 28, 2024) ............................................................8

*Glob. Reins. Corp.-U.S. Branch v. Argonaut Ins. Co.*,
  No. 07 Civ. 8196 (PKC) & 07 Civ. 8350 (PKC), 2008 WL 1805459
  (S.D.N.Y. 2008)......................................................................11

*Guyden v. Aetna, Inc.*,
  544 F.3d 376 (2d Cir. 2008).........................................................35

*In re IBM Arbitration Agreement Litig.*,
76 F.4th 74 (2d Cir. 2023) ...................................................... 15, 16, 28

*Kewazinga Corp. v. Microsoft Corp.*,
No. 1:18-CV-4500-GHW, 2021 WL 1222122
(S.D.N.Y. Mar. 31, 2021) ...................................................................27

*Koger v. Richardson*,
858 F. App'x 425 (2d Cir. 2021) ........................................................14

*Lodi v. IBM Corp.*,
No. 22-1737, 2023 WL 4983125 (2d Cir. Aug. 4, 2023) ......................16

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006)..................................................... 19, 27, 31

*Mirlis v. Greer*,
952 F.3d 51 (2d Cir. 2020)....................................................................7

*Newsday LLC v. Cnty. of Nassau*,
730 F.3d 156 (2d Cir. 2013)..........................................................22, 23

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) ..............................................................14

*Stafford v. IBM Corp.*,
78 F.4th 62 (2d Cir. 2023) .......................................................... passim

*Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*,
No. 21 CIV. 207 (PGG), 2021 WL 3540221
(S.D.N.Y. Aug. 11, 2021) ...................................................................34

*Tavenner v. IBM Corp.*,
No. 22-2318, 2023 WL 4984758 (2d Cir. Aug. 4, 2023) ......................16

*United States v. Amodeo*,
44 F.3d 141 (2d Cir. 1995)..................................................................21

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir. 1995)................................................................31

*United States v. HSBC Bank USA, N.A.*,
863 F.3d 125 (2d Cir. 2017)..........................................................22, 25

## Statutes

28 U.S.C. § 1291 ................................................................................5

28 U.S.C. § 1332 ................................................................................5

9 U.S.C. § 9 ........................................................................................5

**<u>Rules</u>**

Fed. R. Civ. P. 11 .................................................................... 24

Fed. R. Civ. P. 11(b)(3) ........................................................... 24

Federal Rule of Appellate Procedure 26.1 ................................... i

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, respondent-appellant X Corp. is a privately held corporation whose parent corporation is X Holdings Corp. No publicly held corporation owns 10% or more of the stock of X Corp. or X Holdings Corp.

Respectfully submitted,

Dated:  October 8, 2025          WILLENKEN LLP


By:  */s/ Kenneth M. Trujillo-Jamison*
  Kenneth M. Trujillo-Jamison

Attorneys for Respondent-Appellant
X Corp.

i

## **<u>INTRODUCTION</u>**

In this case, The New York Times and one of its reporters, Kate Conger (collectively, the "Times"), seek to unseal a confidential final arbitration award. That award was issued after a private arbitration conducted under the Federal Arbitration Act between appellee Jean-Phillippe Maheu, a former employee of Twitter, Inc., and appellant X Corp.[1] After the arbitration proceedings concluded, Maheu petitioned the district court to confirm the arbitration award ("Award"). Concurrent with that filing, Maheu moved to seal the Award.

Just over two weeks later, Maheu voluntarily dismissed his petition and ended the case. The parties did not brief Maheu's petition, and the district court did not consider the merits of the Award, much less decide whether to confirm it. As the district court aptly noted, "[t]he life cycle of this case before the Court was short."

The Times later moved to unseal the Award. Its interest in the Award is unclear. Aside from invoking the general "public right of access" to judicial documents, the Times did not articulate any specific

---

[1] Appellant X Corp. is the successor-in-interest to Twitter, Inc., which has been merged out of existence.

1

reason why it sought access to a confidential arbitration award between Maheu, a private individual, and X Corp., a private party—after Maheu voluntarily dismissed his case. Nor did the Times explain why the Award was relevant to any judicial function or useful to the judicial process, particularly considering that the district court never considered the merits of the Award in any respect.

The district court nonetheless granted the Times's request to unseal the Award, reasoning that the Award was presumptively subject to the First Amendment's right of public access, and that the parties' agreement to resolve their dispute confidentially through a private arbitration was, in its view, insufficient by itself to warrant sealing the Award.

In so doing, the district court committed reversible error. This Court should reverse or vacate the district court's order unsealing the Award for at least three reasons.

*First*, the district court erred by determining that the First Amendment right of public access attached to the Award. As a threshold matter, contrary to the district court's reasoning, X Corp. did not "agree" that the First Amendment attached to the Award. And, as

2

noted, Maheu's voluntary dismissal of his petition meant that the district court never considered the merits of the Award, much less confirmed it. The Award thus was not a judicial document to which the First Amendment right of public access attaches.

*Second*, the district court abused its discretion by determining that the Award should not be sealed under the First Amendment. The district court incorrectly found that the only basis why X Corp. sought to seal the Award was because it was "the product of a confidential arbitration process." But X Corp. explained that the fact that the Award was issued after a confidential arbitration, *coupled with* the fact that Maheu voluntarily dismissed his petition before the district court even considered the merits of the Award, merits sealing the Award in its entirety, as it was not even the subject of a judicial decision. In these circumstances, maintaining the bargained-for confidentiality of the arbitration process constitutes "higher values" meriting sealing the Award under the First Amendment, and also constitutes a countervailing factor meriting sealing under the common law right of access. Were it otherwise, the confidentiality of arbitration would be illusory, as either party could always ensure the publication of an

3

arbitration award simply by filing it on a court docket, even absent litigation over the award, encouraging unnecessary gamesmanship of the court system. Affirming the district court would also risk inviting non-parties to abuse the Court's dockets by invoking the First Amendment to breach the confidentiality to which the parties have agreed. Indeed, this very risk was acknowledged by a federal district court in a case involving both the Times and Maheu's counsel, where the Times (and other press entities) sought unsuccessfully to unseal other confidential arbitration awards involving former Twitter employees.

*Finally*, the district court abused its discretion by denying X Corp.'s request in the alternative for leave to file an amended motion to seal. Considering the important policy considerations supporting the confidentiality of arbitration proceedings—which this Court has repeatedly acknowledged—at a minimum the district court should have granted X Corp. leave to file an amended motion to seal to permit it to address the district court's concerns before ordering the Award unsealed in its entirety.

Thus, this Court should reverse the district court's order

4

unsealing the Award or vacate and remand it.

## STATEMENT OF JURISDICTION

Maheu initiated this case by filing a petition to confirm an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Maheu invoked the district court's jurisdiction under 28 U.S.C. § 1332. AA0008. The district court entered its opinion and order denying Respondent X Corp.'s motion to seal the arbitration award on June 20, 2025. AA0007. Respondent timely filed its notice of appeal of that order on June 26, 2025. AA0006.

This Court has appellate jurisdiction under 28 U.S.C. § 1291 to review the district court's order.

## STATEMENT OF THE ISSUES

1.     Whether the district court erred by concluding the First Amendment right of public access attached to the Award.

2.     Whether the district court abused its discretion by denying X Corp.'s motion to seal the Award.

3.     Whether the district court abused its discretion by denying X Corp.'s alternative request for leave to file an amended motion to seal before ordering the Award to be unsealed.

5

## STATEMENT OF THE CASE

### I. Maheu's Petition to Confirm the Award

Maheu was a former employee of Twitter, Inc., the predecessor in interest to X Corp. AA0009. After being terminated from Twitter, Maheu initiated an arbitration proceeding conducted under the Dispute Resolution Agreement, a contract to which the parties agreed in the course of Maheu's employment at Twitter. *Id*. The Dispute Resolution Agreement provided, in relevant part, that "neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties." AA0016.

On November 22, 2024, the arbitrator issued the Award which, among other things, contains citations and references to documents used in the arbitration, the arbitrator's analysis and reasoning, and the results of the arbitration. AA0009; AA0038. About two months later, on January 28, 2025, Maheu filed his Petition to Confirm Arbitration Award ("Petition") in the district court. AA0008.

### II. The Parties' Efforts to Seal the Award

Concurrent with filing the Petition, Maheu moved to file the Award under seal, and he attached a sealed version of the Award to

6

both the Petition and his Motion to Confirm the Award. AA0012, AA0024, AA0021. The next day, the district court denied Maheu's motion to seal the Award without prejudice. The district court first found that "[t]he arbitration award is a 'judicial document,' as it 'has been placed before the court by the parties and . . . is relevant to the performance of the judicial function and useful in the judicial process.'" AA0027 (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)). The district court concluded "the arbitration award is subject to 'a potent and fundamental presumptive right of public access.'" *Id.* (quoting *Mirlis*, 952 F.3d at 58). Finally, the order directed Maheu to file the unsealed version of the Award on the public docket on February 12, 2025 "unless a motion to seal is submitted by any party before that date." *Id.*

On February 12, 2025—before any briefing was submitted on the Petition or Motion to Confirm, much less any hearing or decision on the Petition—Maheu voluntarily dismissed his Petition. AA0028. "Presumably understanding that the dismissal relieved [Maheu] of the obligation to do so, [Maheu] did not file the Award on the docket [on February 12, 2025] as the [district court] had previously directed."

7

AA0078.

Nine days later—and only *after* Maheu voluntarily dismissed this case—the Times filed a letter-motion in the district court seeking to unseal the Award. AA0029. There, the Times argued the Award should be unsealed under the public right of access pursuant to both the common law and the First Amendment. *Id.*

Aside from invoking the "weighty right of public access," the Times's letter-motion did not articulate any specific reason why the Times sought access to the Award. *Id.* And the Times incorrectly argued that the Award was "'relevant to the performance of the judicial function and useful in the judicial process' because . . . it [purportedly] 'directly affect[ed] the Court's *adjudication* of that petition'"—even though the district court had not considered, much less confirmed, the Award. AA0031 (quoting *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 WL 5956144, at *2 (S.D.N.Y. Sept. 13, 2023) and citing *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15-cv-165, 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) and *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-CV-05219 (ALC), 2024 WL 1329381, at *5 (S.D.N.Y. Mar. 28, 2024) (emphasis added)).

The following day, the district court entered an order permitting the parties until March 7, 2025 to file a motion to seal the Award (which, in effect, was an opportunity to oppose the Times's motion to unseal), and allowing the Times the opportunity to submit a reply to any motion to seal. AA0034. The order did not authorize any reply by any party moving to seal the Award. *See id.* The district court later extended this deadline to March 21, 2025 on X Corp.'s request. AA0036, AA0037.

On March 21, 2025, pursuant to the Court's orders, X Corp. filed a three-page letter-motion seeking to seal the Award. That motion, in effect, was an opposition to the Times's letter-motion seeking to unseal the Award. AA0038. And by then, the district court had already concluded the Award was a "judicial document." *See* AA0027; AA0034 (referring to the Award as a "judicial document").

In its motion, X Corp. highlighted that "Petitioner voluntarily dismissed his petition to confirm the [Award] before the Court considered the merits of his petition," meaning "the presumption of public access to be afforded to the [Award] is weak." AA0038. X Corp. also argued that "several factors here—including the important policy

9

considerations of preserving the confidentiality of arbitral proceedings, as recognized by the Federal Arbitration Act, the parties' agreement to keep the contents and results of the arbitration confidential, and [Maheu's] private financial information contained in the [Award]—counsel against public disclosure of the unredacted version of the [Award] . . . [and] also constitute 'higher values' that outweigh the First Amendment right to public access to the document." *Id*. In addition, X Corp. argued that "[i]f the Court is inclined to deny X Corp.'s motion, X Corp. respectfully requests in the alternative that the Court grant it leave to submit an amended motion to unseal." *Id*. at 3 n.2.

One week later, the Times filed a five-page opposition to X Corp.'s brief. Again, aside from invoking a general right of public access to judicial documents, the Times did not identify any reason specifically about the Award. AA0072. The Times also claimed that X Corp. "*appears* to concede . . . that the [A]ward is a judicial record subject to a presumptive right of public access under the First Amendment," effectively acknowledging that X Corp. never expressed such a concession.

10

### III.    The District Court Denies X Corp.'s Motion to Seal

On June 20, 2025, the district court entered an order denying X Corp.'s Motion to Seal. AA0077.

The district court first reasoned that "[t]he public's right of access to the Award is presumptively protected by the First Amendment." AA0080. In concluding that the First Amendment right of public access attached to the Award, the Court reasoned, in part, that "[p]etitions to confirm arbitration awards . . . are subject to the presumption of public access under the First Amendment because '*[i]n circumstances where an arbitration award is confirmed*, the public in the usual case has a right to know what the Court has done.'" AA0079 (quoting *Alexandria Real Est. Equities v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (itself quoting *Glob. Reins. Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07 Civ. 8196 (PKC) & 07 Civ. 8350 (PKC), 2008 WL 1805459, at *2–3 (S.D.N.Y. 2008)) (emphasis added). The district court also found that "[t]he parties agree that there is a First Amendment right of access to the Petition and the Award that was attached to it," by incorrectly relying on a sentence from X Corp.'s sealing motion where X Corp. articulated reasons why the Award met

11

the sealing standard under both the common law right of public access and the First Amendment to prevent disclosure. AA0039 ("[S]everal factors counsel against the public disclosure of the Final Award [referring to the common-law test for public access] and constitute higher values that outweigh the First Amendment right of public access").

The district court found that "[t]he basis for [X Corp.'s] request that the Court seal the Award in its entirety is the fact that the Award was the product of a confidential arbitration process." AA0070. The district court made that finding, notwithstanding that X Corp., in its motion, argued the confidentiality of the underlying arbitration proceedings, in addition to several other factors—including, in particular, that Maheu voluntarily dismissed his petition to confirm the Award before the Court considered it—merited sealing. AA0039.

Relying on that finding based on only one part of X Corp.'s agreement, the district court (citing only district court-level authority) concluded that "[t]he preservation of the confidentiality of an arbitral award, by itself, is not a 'higher value' that overcomes the presumption of access afforded by the First Amendment." AA0082. On that basis, the

12

district court denied X Corp.'s Motion to Seal. AA0084.

The district court's denial order did not expressly address X Corp.'s alternative request to file an amended motion to seal if its Motion to Seal were denied. But it did not grant X Corp. that relief. Rather, it provided that, "[b]arring further order of the Court, the Clerk of Court is directed to modify the viewing level of Dkt. No. 5 and 28 [*i.e.*, the sealed versions of the Award] to permit public access to those documents" six days later.

Three days after the Court's denial order, X Corp. moved for an order staying execution of the order denying the motion to seal until X Corp. filed a notice of appeal and for the pendency of this appeal. AA0086. The district court granted that motion the following day. AA0089.

Two days later, X Corp. timely filed a notice of appeal.

## IV.  The Times's Other Attempts to Unseal Arbitration Awards Involving Former Twitter Employees

Notably, the Times also sought to unseal confidential arbitration awards in another case involving former Twitter employees. In *Cornet v. Twitter, Inc.*, No. 1:23-cv-441 (D. Del.), the plaintiffs, represented by the same counsel as Maheu, filed under seal fifteen confidential arbitral

13

awards against X Corp. as purported supplemental authority for their opposition to X Corp.'s motion to dismiss in that case. *Cornet v. Twitter, Inc.*, No. 1:23-CV-441-TMH, 2025 WL 1158350, at *1 (D. Del. Apr. 18, 2025). On March 25, 2025 (*i.e.*, after X Corp. filed its Motion to Seal in the district court), the Times, along with a group of other media organizations (collectively, the "Press Coalition"), moved to intervene and unseal the awards. *Id.*

X Corp. moved to strike the confidential arbitration awards in *Cornet*, in part because the awards were "entirely irrelevant to the questions presented" in X Corp.'s motion to dismiss in that case. Defendant's Opening Brief in Support of Its Motion to Strike at 1, *Cornet, et al. v. Twitter, Inc.*, No. 1:23-cv-441-TMH (D. Del. April 8, 2025), Dkt. No. 124.[2] That district court agreed, concluding the awards were "neither relevant nor persuasive authority and *should not be*

---

[2] X Corp. requests that the Court take judicial notice of the filings from the *Cornet* case that it cited in this brief. *See Koger v. Richardson*, 858 F. App'x 425, 427 (2d Cir. 2021) ("Courts routinely take judicial notice of documents filed in other courts") (quotations omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (the court of appeals may take judicial notice of documents filed in another district court litigation because they are "matters of public record" and "readily verifiable").

14

*considered judicial records.*" *Cornet*, 2025 WL 1158350, at \*1–2, 6 (emphasis added).

That district court also was "concerned by a trend . . . in which [Maheu's counsel] has repeatedly attempted to docket and unseal arbitration awards in unrelated cases." (Indeed, as this Court has repeatedly recognized, Maheu's counsel has repeatedly filed confidential arbitral awards in cases on tenuous grounds, then sought to unseal the awards as "judicial documents" for use in future lawsuits. *See Billie v. Coverall N. Am., Inc.*, No. 23-672-cv, 2024 WL 4380618, at \*3 (2d Cir. Oct. 3, 2024) (sought to unseal arbitral award attached to petition mooted for lack of jurisdiction so that "the reasoning of [the] award" would be "available to other litigants who may be pursuing similar claims"); *Stafford v. IBM Corp.*, 78 F.4th 62, 71 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1011 (2024) (sought to unseal arbitral award attached to petition mooted for satisfaction of award so that "counsel would be able to use the award in litigation of ADEA claims of other former IBM employees"); *In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023), *cert. denied sub nom. Abelar v. Int'l Bus. Machs. Corp.*, 144 S. Ct. 827 (2024) (sought to unseal arbitral awards attached to

15

summary judgment papers mooted by dismissal of action filed so that Plaintiffs could "use certain evidence that has been used in other arbitration in support of their arbitrations"); *Chandler v. IBM Corp.*, 2023 WL 4987407 (2d Cir. Aug. 4, 2023) (referring to *In re IBM Arbitration Agreement Litig.*); *Lodi v. IBM Corp.*, No. 22-1737, 2023 WL 4983125 (2d Cir. Aug. 4, 2023) (same); *Tavenner v. IBM Corp.*, No. 22-2318, 2023 WL 4984758 (2d Cir. Aug. 4, 2023) (same).) Although, in *Cornet*, the Times and several other media organizations—not Maheu's counsel—moved to unseal the arbitration awards, the district court observed that "the end result [would be] the same." *Cornet*, 2025 WL 1158350, at *3–4.

X Corp. also opposed the Press Coalition's motion to intervene and unseal the confidential arbitration awards. Defendant's Opposition to The Press Coalition's Motion to Intervene, *Cornet, et al. v. Twitter, Inc.*, No. 1:23-cv-441-TMH (D. Del. April 8, 2025), Dkt. No. 126. The *Cornet* court granted the Press Coalition's request to intervene but denied its request to unseal the arbitration awards. That court held that because it "determined that the arbitration awards are neither relevant nor persuasive authority," the Press Coalition's request to unseal the

arbitration awards was "moot because arbitration awards struck from the docket are not judicial records." *Cornet*, 2025 WL 1158350, at *5. The *Cornet* court also reasoned that "[t]o hold that documents which we find irrelevant and accordingly strike from the docket are still judicial records would potentially allow for abuse of docketing to evade the obligations of confidentiality." *Id.*

## SUMMARY OF ARGUMENT

The district court incorrectly denied X Corp.'s Motion to Seal in at least three ways.

1. The district court incorrectly determined that the First Amendment right of public access attached to the Award. Contrary to the district court's reasoning, X Corp. did not "agree" that the First Amendment attached to the Award. And Maheu's voluntary dismissal of his petition meant that the district court never considered the merits of the Award, much less confirmed it. The Award thus was not relevant nor useful to any functioning of the judicial process, and the First Amendment right of public access does not attach to it.

2. The district court abused its discretion by determining that the Award should not be sealed under the First Amendment. The

17

district court incorrectly concluded that the only basis why X Corp. sought to seal the Award was because it was "the product of a confidential arbitration process." X Corp. explained that Maheu's voluntary dismissal of his petition before the district court considered the merits of the Award, *coupled with* the fact that the Award was issued after a confidential arbitration and the parties' agreement to conduct the arbitration confidentially, merits sealing the Award in its entirety. The district court, in examining only whether the confidentiality of arbitration proceedings, without more, always merited sealing, did not properly consider all these circumstances in determining that the First Amendment right of public access attached to the Award. In these circumstances, sealing the Award was "essential to preserv[ing]" the "higher values" of respecting the confidentiality of private arbitration proceedings where the district court had no occasion to consider the merits of the Award. And sealing the Award in its entirety is the only means of vindicating those considerations, again considering that Maheu's voluntary dismissal of the petition rendered the Award irrelevant to any judicial function or process.

3. In the alternative, the district court abused its discretion by

denying X Corp.'s motion for leave to file an amended motion to seal. Considering the weighty interests in the confidentiality of arbitration proceedings—which this Court has repeatedly acknowledged—the district court at a minimum should have permitted X Corp. an opportunity to address the district court's concerns before ordering the Award unsealed in its entirety.

Thus, this Court should reverse or vacate the district court's order unsealing the Award.

## STANDARD OF REVIEW

When reviewing an order to unseal a document, this Court reviews legal determinations *de novo*, and the "ultimate decision" to unseal for abuse of discretion. *Stafford*, 78 F.4th at 70.

## ARGUMENT

**I. The District Court Erred by Determining the First Amendment Right of Public Access Attached to the Award**

To determine whether the First Amendment right of public access attaches, courts should consider whether the document in question has "historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the

19

particular process in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (cleaned up).

As a threshold matter, the district court incorrectly found that "the parties agree[d] that there is a First Amendment right of access to the Petition and the Award that was attached to it." AA0079. The Times argued—incorrectly—only that X Corp. "*appear[ed]* to concede . . . that the award is a judicial record subject to a presumptive right of public access under the First Amendment." AA0072 (emphasis added). The district court did not authorize X Corp. to file a reply on its Motion to Seal, nor did it allow oral argument on it. Thus, X Corp. never had occasion to clarify that it did not concede this issue. Moreover, X Corp. actually argued, in response to arguments raised in the Times's motion to unseal the Award, that the Award merited *sealing* under both the common law right of public access and the First Amendment right of public access (assuming, per the Times's argument, that it attached), not that the award was a judicial record entitled to the presumptive right of public access. AA0040 (arguing "several factors *counsel against the public disclosure* of the Final Award [*i.e.*, under the common law right of public access, where "the court must identify all of the factors

20

that legitimately *counsel against disclosure* of the judicial document,"
*Stafford*, 78 F.4th at 70 (emphasis added)] and constitute higher values
that outweigh the First Amendment right of public access). Particularly
considering that, by then, the district court had already concluded the
Award was a judicial record, *see* AA0026, X Corp.'s argument addressed
only sealing—under both potentially applicable tests. In short, X Corp.
did not "agree[]" that the First Amendment right of public access
attached to the Award, and in holding so the district court misread X
Corp.'s arguments.

The district court also erred in concluding the Award was a
judicial document. AA0070; *see also* AA0027 ("[t]he arbitration award is
a 'judicial document.'"). This Court has held that "the mere filing of a
paper or document with the court is insufficient to render that paper a
judicial document subject to the right of public access." *United States v.
Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, "the item filed must be
*relevant to the performance of the judicial function and useful in the
judicial process* in order for it to be designated a judicial document." *Id.*
(emphasis added).

21

This Court observed last year that "an arbitration award attached to a petition to confirm is a judicial document where it is relevant to the court's decision *to confirm that award . . . .*" *Billie*, 2024 WL 4380618, at *3 (citing *Stafford*, 78 F. 4th at 70) (citation modified). That is not the case here. Maheu filed his Petition on January 28, 2025, but on February 12, 2025—just over two weeks later—he voluntarily dismissed the Petition. AA0002; AA0004. The district court had no occasion to even consider, much less confirm, the Award. The Award was not "relevant" to any decision by the district court to "confirm" the Award, and therefore the Award was not a judicial document. *See Billie*, 2024 WL 4380618, at *3; *see also United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133 (2d Cir. 2017) (document that was not a judicial record was not subject to a presumptive right of access); *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 168 (2d Cir. 2013) (same).

*Alexandria*, one of the cases the district court cited in determining the First Amendment applied to the Award, if anything demonstrates the opposite. In *Alexandria*, the Southern District of New York held that the First Amendment applied to a petition to confirm an arbitration award, even though it was unopposed, because unopposed

22

petitions still require a determination by the court. *Alexandria*, 2011 WL 6015646 at *2 ("[a]n unopposed petition for confirmation of an arbitration award is treated as akin to a motion for summary judgment, in which the court independently applies the facts of the case to the legal standard for award confirmation."). Here, as noted, the district court never considered, much less confirmed, the Award. The district court thus made no determination with respect to the Award, and therefore, unlike *Alexandria*, the First Amendment right of public access does not presumptively apply to the Award.

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), on which the Times relied below, also does not require a different result. There, this Court declined to seal the plaintiff's sealed *complaint* after the parties settled the case. This Court held that "[p]leadings" such as the *Bernstein* complaint "plainly meet the *Newsday* test" for determining whether a document is a judicial record, because "[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a *court's decision*." *Id.* at 140 (emphasis added). This Court

23

further reasoned that "[t]he fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings" because "attorneys and others submitting pleadings are under an obligation to ensure, when submitting pleadings, that 'the factual contentions [made] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(3)). Finally, this Court held that the First Amendment right of public access applied to the complaint out of concerns that "a sealed complaint leaves the public unaware that a claim ha[d] been leveled and that state power ha[d] been invoked—and public resources spent—in an effort to resolve the dispute." *Id.* at 141 (holding that complaint was judicial document to which the First Amendment applied).

Here, unlike *Bernstein*, the Award (a) is not a pleading, or even a court document at all, but rather a document created as part of a confidential arbitration proceeding, (b) the district court made no decision on the merits with respect to it, (c) no attorney was under any Rule 11 obligation with respect to it, and (d) Maheu's Petition—the

24

pleading in this case—was *not* sealed. *Bernstein* simply does not require this Court treat the Award as a judicial document even though it initially was submitted to the Court in connection with a petition to confirm the Award.

Similarly, this Court's opinion in *HSBC Bank USA,* 863 F.3d at 125, does not require the Court to consider the Award a judicial document. There, this Court observed that "[o]ur case law is clear that pleadings and summary judgment papers, for example, are judicial documents upon filing—which is eminently sensible given that such documents, by definition, ask the court to grant (or reject) some relief." *Id.* at 142 (holding that a court-ordered confidential report about the defendant's compliance with a deferred prosecution agreement was not a judicial document and thus no presumption of access attached). And the *HSBC Bank* observed that pleadings are "judicial documents upon filing . . . does not mean that any document that is docketed with a court is a judicial document, regardless of the likelihood that it will ever be *relevant* to the judicial function." *Id.* (emphasis added).[3] As explained

---

[3] *HSBC Bank* considered only whether the document in question was a "judicial document" such that either a First Amendment or common law

above, the Award (unlike the Petition and Motion to Confirm) did not seek any relief from the Court, and it was not "relevant" to any judicial function because the district court never considered, much less confirmed, the Award.[4] Therefore, the First Amendment right of public access did not attach to the Award.

In sum, under this Court's standards, the Award is not a judicial document subject to the First Amendment presumption of access, and the district court's determination to the contrary was reversible error.

## II. The District Court Abused Its Discretion by Deciding to Unseal the Award

Even if the district court correctly determined the Award was a judicial document (it did not) and that the First Amendment right of

---

right of access would attach. Because this Court determined the monitor's report in question was not a judicial document, the Court specifically did not reach the question of whether the First Amendment or common law standard applied to that document. *HSBC Bank USA,* 863 F.3d at 142 n.7.

[4] This distinction is consistent with other cases in this circuit involving arbitral awards, where the district court had ruled on petitions to confirm arbitration awards and the awards subject to those petitions were found to be judicial documents, even though the petitions became moot through later events. *Stafford,* 78 F.4th at 66 (petition to confirm award was granted, although later mooted by respondent's payment of award); *Billie,* 2024 WL 4380618, at *2 (same).

public access attached to it (as explained above, it does not), the district court abused its discretion by deciding to unseal the Award.

The First Amendment's presumption of public access to judicial documents must be weighed against the preservation of "higher values" in this context. *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see also Lugosch*, 435 F.3d at 124 ("documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand"). After balancing all relevant factors, the presumption of access may be overcome and a judicial document sealed. *Id.* (judicial document would be sealed because balance of factors was against disclosure under both the First Amendment and common law).

The district court reasoned that X Corp. "asked [it] to seal an arbitral award because it was the product of a confidential arbitration proceeding," and that "[t]he preservation of the confidentiality of an arbitral award, by itself, is not a 'higher value' that overcomes the presumption of access afforded by the First Amendment." AA0077, AA0083. The district court further reasoned that "[t]o grant [X Corp.'s]

27

motion to seal the Award in its entirety would require the Court to establish a general rule that the confidential nature of an arbitral award suffices on its own to override the First Amendment right of access to a document filed with the Court." *Id.*

The district court misapprehended X Corp.'s bases for seeking to seal the Award. X Corp. did not seek sealing *only* because the Award was the result of a confidential arbitration process. Rather, that fact— *coupled with* the fact that Maheu voluntarily dismissed his petition before the Award was considered by the district court—merited sealing the Award under these circumstances.

As X Corp. explained, to the extent a presumption of public access to the Award attaches, it is greatly diminished here because Maheu voluntarily dismissed his Petition before the district court considered it. AA0039. Accordingly, "[t]he confidential award played no 'role in the exercise of Article III judicial power . . . .'" *Stafford*, 78 F.4th at 70; *see also Billie*, 2024 WL 4380618, at *3 ("[t]he presumption of access to judicial documents . . . is weaker here because the petition to confirm the award was moot") (quoting *Stafford,* 78 F.4th at 71); *In re IBM Arb.*

*Agreement Litig.*, 76 F.4th at 85 (2d Cir. 2023) ("the presumption of public access is weaker because the motion was denied as moot.").

As X Corp. also explained, this Court has repeatedly affirmed the "FAA's strong policy protecting the confidentiality of arbitral proceedings," which is a "paradigmatic aspect of arbitration." AA0039 (quoting *Stafford*, 78 F.4th at 70, 71 (citation omitted)).[5] Accordingly, as X Corp. explained, the Second Circuit has repeatedly "affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal." *See id.* (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) (confidential settlement) and *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (confidential arbitration award)).

---

[5] Although the district court and the Times attempt to distinguish *Stafford* by saying that case did not address the First Amendment right of access, the First Amendment issue was, in fact, put before the Court because Stafford's brief on appeal expressly argued that the First Amendment mandated unsealing, and the *Stafford* opinion accordingly addresses the test and finds that it was not met. *Stafford*, 78 F.4th at 71 ("[t]he district court's conclusion that 'the enforcement of contracts . . . does not constitute a higher value that would outweigh the presumption of public access to judicial documents' did not fully account for the context of Stafford's unsealing motion") (quoting *Stafford v. IBM*, No. 21-CV-6164 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022)).

29

Here, the parties' arbitration was conducted under the FAA, and the parties agreed that the proceedings would be kept confidential. And X Corp. also pointed out that Maheu's dismissal of his Petition before the district court considered the merits of the Award was relevant to sealing. The district court abused its discretion by concluding the only basis offered by X Corp. in support of sealing was confidentiality, and not also Maheu's dismissal of his petition before the district court considered the Award.

The district court also incorrectly rejected the relevance of Maheu's dismissal of his Petition to whether the presumption of access to the Award was weak under the circumstances present here. The district court determined that X Corp.'s argument that "the presumption of public access to the Award is weak because [Maheu] voluntarily dismissed his petition before the Court considered it" was "misplaced because the Court is evaluating a document to which the First Amendment, rather than the common law, test applies." AA0027. But the district court cited no authority holding that a party's voluntary dismissal of a proceeding to confirm an arbitration award before that award is considered by the court is irrelevant to the presumption of

30

public access to be afforded to such an award under the First Amendment. The district court's analysis incorrectly disregarded the relevance of that fact to whether the Award merited sealing under the First Amendment.

Finally, the district court failed to properly consider the Times's purpose in seeking public access to the Award *after* the parties to the underlying dispute—having agreed to resolve that dispute confidentially—had ended the underlying action. Although the Times invoked the general "public right of access" to judicial documents, that right attaches for a particular purpose: "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). As explained above, once Maheu voluntarily dismissed this appeal, the district court did not render any decision about the Award. Thus, there was no "justice" for the district court to "administ[er]" with respect to the Award, and the "public right of access" would not be vindicated by unsealing the Award. *See id.*

31

Affirming the district court also risks opening the doors to abuse of the court's dockets to evade confidentiality obligations. As noted, in the *Cornet* case, the Press Coalition, including the Times, sought to unseal other arbitral awards against X Corp. involving former Twitter employees that Maheu's counsel had filed as purported supplemental authority for her opposition to X Corp.'s motion to dismiss. The court there struck the improperly submitted arbitral awards, noting Maheu's counsel's history of unmeritorious motions to unseal in other actions (which this Court has repeatedly acknowledged). *Cornet*, 2025 WL 1158350, at *2. That court also noted that while Maheu's counsel "did not join the Press Coalition's request [to] unseal the confidential arbitration awards," "the end result [would be] the same" regardless of who sought unsealing. *Id.* And the *Cornet* court reasoned that "[t]o hold that documents which [the court] find irrelevant . . . are still judicial records would potentially allow for abuse of docketing to evade the obligations of confidentiality." *Id.* Affirming the district court here would give a green light to such "abuse," as the Times (and other press entities) could invoke the First Amendment right of public access to breach the confidentiality to which parties to the underlying agreement

32

had agreed so long as an award was filed on a court docket. This Court should not permit the dockets of district courts in this circuit to be used in that manner.

In sum, as this Court has recognized, the First Amendment demands that each case be considered on its own merits, accounting for "higher values." *Billie*, 2024 WL 4380618, at *3 (interest in arbitral confidentiality as well as improper motives of counsel weighed against the First Amendment presumption of access). The district court erred by not properly considering the entirety of the circumstances present here. First, it misapprehended X Corp.'s basis for seeking to seal the Award and relied solely on only one of X Corp.'s reasons to seal the Award—the confidentiality of arbitration proceedings. Second, the district court incorrectly found that Maheu's voluntary dismissal was irrelevant to whether X Corp. met its burden to demonstrate the Award should be sealed. These errors establish the district court abused its discretion in denying to seal the Award, and that order should be reversed or vacated.

33

## III. The District Court Abused Its Discretion by Denying X Corp.'s Request for Leave to File an Amended Motion to Seal

Finally, the district court abused its discretion by implicitly denying X Corp.'s request to file an amended motion to seal. The district court denied Maheu's initial motion to seal without prejudice. AA0027. X Corp. was not afforded the same latitude. And because the Times's motion to unseal was filed as a letter-motion and X Corp.'s motion to seal was, in effect, an opposition to that letter-motion, X Corp. had only three pages to articulate its arguments under the district court's individual practices. That tight page limit restricted X Corp.'s ability to fully elucidate the bases for why an amended motion to seal would have been warranted.

For starters, an opportunity to file an amended motion would have permitted X Corp. the opportunity to try to address the concerns noted by the district court. It also could have afforded the parties an opportunity to consider proposing redactions to the Award to limit the public disclosure of confidential information. *See Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, No. 21 CIV. 207 (PGG), 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021) (after denying motion

34

to seal entire award, court permitted movant to file an amended motion to seal and argue for specific redactions). That the Times later took no position on X Corp.'s motion to stay execution of the unsealing order, *see* AA0086, indicates the Times would not have suffered harm by granting X Corp. another opportunity to seek to seal the Award.

This Court has recognized that confidentiality is "a paradigmatic aspect of arbitration," *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008), and the Supreme Court has instructed courts to "'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). The district court's implicit denial of X Corp.'s alternative request for leave to file an amended motion for leave to seal indicates the district court "failed to [properly] weigh the FAA's strong policy in favor of confidentiality . . . .," particularly where the parties resolved their dispute about the Award without the district court making any decision on the merits of the Award. *See Stafford*, 78 F.4th at 69.

## CONCLUSION

For all these reasons, X Corp. respectfully requests that this Court reverse the district court's order denying X Corp.'s motion to seal the

Award or vacate the order and remand.

Respectfully submitted,

Dated: October 8, 2025          WILLENKEN LLP

By: _/s/Kenneth M. Trujillo-Jamison_
          Kenneth M. Trujillo-Jamison

Attorneys for Respondent-Appellee
X Corp.

36

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 7,045 words, excluding the parts of the brief exempted from the word count by Federal Rule of Appellate Procedure 32(f) and Second Circuit Rule 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using the Microsoft Word software program in a 14-point font size and the Century Schoolbook type style.

Dated:  October 8, 2025          WILLENKEN LLP

By: _/s/Kenneth M. Trujillo-Jamison_
        Kenneth M. Trujillo-Jamison

Attorneys for Respondent-Appellee
X Corp.

37