# NO. 25-1608

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

Jean-Philippe Maheu,
*Petitioner-Appellee,*
*vs.*
Twitter, Inc. and X Corp.
*Respondents-Appellants,*
*and*
The New York Times Company and Kate Conger
*Intervenors-Appellees.*

---

Appeal from an Order of the
United States District Court for the
Southern District of New York
Case No. 1:25-cv-836-GHW
Hon. Gregory H. Woods, United States District Judge

---

**RESPONDENT-APPELLANT
X. CORP.'S APPENDIX (PUBLIC)**

---

Kenneth M. Trujillo-Jamison
**Willenken LLP**
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

*Counsel for X Corp.*

# TABLE OF CONTENTS

**Pages**

District Court Docket Entries........................................................AA0001

Petition to Confirm Arbitration.
(Dist. Ct. Dkt. No. 1 Jan. 28, 2025)…….....…....................…....AA0008

Petitioner's Motion to File Documents Seal
(Dist. Ct. Dkt. No. 3 Jan. 28, 2025)…...................…......…......AA0021

Petitioner's Motion to Confirm Arbitration Award
(Dist. Ct. Dkt. No. 4 Jan. 28, 2025)…...................…................AA0024

Memorandum Endorsement Denying Without Prejudice
Petitioner's Motion to File Documents Seal
(Dist. Ct. Dkt. No. 7 Jan. 30, 2025)…...................…................AA0026

Notice of Voluntary Dismissal Pursuant to Federal
Rule of Civil Procedure 41(a)(1)(A)(i)
(Dist. Ct. Dkt. No. 15 Feb. 12, 2025)…...................…..............AA0028

Letter-Motion for Leave to File Application to Unseal
Judicial Documents
(Dist. Ct. Dkt. No. 17 Feb. 21, 2025)…...................…... …........AA0029

Letter-Motion for Leave to File Application to Unseal
Judicial Documents
(Dist. Ct. Dkt. No. 18 Feb. 22, 2025)…...................…....…........AA0034

Letter-Motion for Extension of Time to File
Motion to Seal
(Dist. Ct. Dkt. No. 23 Feb. 28, 2025)…...................…..............AA0036

Order Granting Letter-Motion for Extension
of Time to File
(Dist. Ct. Dkt. No. 24 Mar. 1, 2025)…...............…..... ….......…...AA0037

Letter-Motion to Seal Unredacted Version of Final Award
(Dist. Ct. Dkt. No. 28 Mar. 28, 2025)…...................…..............AA0038

Redacted Final Arbitration Award
(Dist. Ct. Dkt. No. 28-01 Mar. 28, 2025)…...............…..............AA0042

i

(Filed Under Seal) Letter-Motion to Seal Unredacted
    Version of Final Award
    (Dist. Ct. Dkt. No. 29 Mar. 28, 2025)………….....................AA0055

(Filed Under Seal) Unredacted Final Arbitration Award
    (Dist. Ct. Dkt. No. 29-01 Mar. 28, 2025)………….................AA0059

Letter-Reply to Response to Motion
    (Dist. Ct. Dkt. No. 31 Mar. 28, 2025)………….......................AA0072

Order Denying Letter-Motion to Seal Respondents'
    Motion to Seal the Award
    (Dist. Ct. Dkt. No. 32 Jun. 20, 2025)………….....................….AA0077

Letter-Motion to Stay re: Order on Motion to Seal
    (Dist. Ct. Dkt. No. 33 Jun. 23, 2025)………….......................AA0086

Order Granting Letter-Motion to Stay
    (Dist. Ct. Dkt. No. 34 Jun. 24, 2025)………….......................AA0089

10/8/25, 9:42 AM        SDNY CM/ECF NextGen Version 1.8.3

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00836-GHW

Maheu v. Twitter, Inc. et al
Assigned to: Judge Gregory H. Woods
Cause: 09:1 U.S. Arbitration Act

Date Filed: 01/28/2025
Date Terminated: 02/12/2025
Jury Demand: None
Nature of Suit: 896 Other Statutes:
Arbitration
Jurisdiction: Diversity

**Petitioner**

**Jean-Philippe Maheu**      represented by   **Shannon Liss-Riordan**
Lichten & Liss-Riordan PC
729 Boylston St. Ste.2000
Boston, MA 02116
617-994-5800
Fax: 617-994-5801
Email: sliss@llrlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Twitter, Inc.**      represented by   **Kenneth Michael Trujillo-Jamison**
Willenken LLP
707 Wilshire Blvd, Suite 4100
Los Angeles, CA 90017
213-955-8031
Fax: 213-955-9250
Email: ktrujillo-jamison@willenken.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Michael Shimamoto**
Willenken LLP
707 Wilshire Blvd.
Ste 4100
Los Angeles, CA 90017
213-955-9240
Fax: 213-955-9250
Email: pshimamoto@willenken.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**X Corp.**      represented by   **Kenneth Michael Trujillo-Jamison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AA0001**

**Peter Michael Shimamoto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**The New York Times Company**          represented by   **Al-Amyn Shiraz Sumar**
The New York Times Company
1627 I Street NW
Suite 700
Washington, DC 20006
646-306-4201
Email: al-amyn.sumar@nytimes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Tai**
The New York Times Company
Legal Department
620 8th Ave
New York, NY 10018
212-556-1244
Email: tim.tai@aya.yale.edu
*TERMINATED: 08/10/2025*

**Intervenor**

**Kate Conger**          represented by   **Al-Amyn Shiraz Sumar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Tai**
(See above for address)
*TERMINATED: 08/10/2025*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2025 | 1 | PETITION TO CONFIRM ARBITRATION. (Filing Fee $ 405.00, Receipt Number ANYSDC-30529536).Document filed by Jean-Philippe Maheu. (Attachments: # 1 Exhibit Exhibit 1 - Arbitration Award, # 2 Exhibit Exhibit 2 - Dispute Resolution Agreement, # 3 Exhibit Exhibit 3 - Arbitrator Appointment).(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/28/2025 | 2 | CIVIL COVER SHEET filed..(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/28/2025 | 3 | MOTION to Seal *Arbitration Award*. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/28/2025 | 4 | MOTION to Confirm Arbitration . Document filed by Jean-Philippe Maheu. (Attachments: # 1 Supplement Memorandum of Law, # 2 Affidavit Affidavit of Shannon Liss-Riordan, # 3 Exhibit Exhibit 1 - Arbitration Award, # 4 Exhibit Exhibit 2 - Dispute Resolution Agreement, # 5 Exhibit Exhibit 3 - Arbitrator Appointment).(Liss-Riordan, Shannon) (Entered: 01/28/2025) |

**AA0002**

| 01/28/2025 | 5 | ***SELECTED PARTIES***REDACTION to 3 MOTION to Seal *Arbitration Award*., 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, by All Parties Motion or Order to File Under Seal: 3 .(Liss-Riordan, Shannon) (Entered: 01/28/2025) |
| 01/29/2025 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 01/29/2025) |
| 01/29/2025 | | Magistrate Judge Robert W. Lehrburger is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 01/29/2025) |
| 01/29/2025 | | Case Designated ECF. (pc) (Entered: 01/29/2025) |
| 01/29/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Shannon Liss-Riordan. The following case opening statistical information was erroneously selected/entered: Citizenship Defendant code 2 (Citizen of Another State); County code New York;. The following correction(s) have been made to your case entry: the Citizenship Defendant code has been modified to 5 (Incorporated/Principal Place of Business-Other State); the County code has been modified to XX Out of State;. (pc) (Entered: 01/29/2025)** |
| 01/29/2025 | 6 | ORDER: Accordingly, it is hereby ORDERED that Petitioner shall file and serve a statement pursuant to Local Civil Rule 56.1 and any additional materials with which he intends to support the petition, including any affidavits or declarations attesting that the exhibits to the petition are true and correct copies of what they purport to be, no later than February 12, 2025. Respondents' opposition is due by March 5, 2025. Petitioners reply, if any, is due by March 19, 2025. Petitioner is directed to serve the petition and supporting materials upon respondent by February 5, 2025 and to file an affidavit of such service with the Court by February 10, 2025. SO ORDERED. ( Replies due by 3/19/2025., Responses due by 3/5/2025) (Signed by Judge Gregory H. Woods on 1/29/2025) (sgz) (Entered: 01/29/2025) |
| 01/30/2025 | 7 | MEMO ENDORSEMENT denying without prejudice 3 Motion to Seal ENDORSEMENT Application denied without prejudice. Petitioner's motion to seal the arbitration award, Dkt. No. 5, is denied without prejudice. The arbitration award is a "judicial document," as it has been placed before the court by the parties and...is relevant to the performance of the judicial function and useful in the judicial process." Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020) (quotation omitted). Accordingly, the arbitration award is subject to "a potent and fundamental presumptive right of public access." Id. at 58. A partys unelaborated "position" that the arbitration award should not be public," Dkt. No. 3, is not a basis to defeat that presumptive right of public access, see Mirlis, 952 F.3d at 59; see also DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action."). Nor is a partys unelaborated "understand[ing]" that another party believes that the arbitration award should not be public. Dkt. No. 3. Any renewed motion to seal must comply with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, which requires, among other things, that a motion to seal "explain the particular reasons" for seeking to file a document, or information within a document, under seal. Petitioner is directed to file the arbitration award on the public docket on February 12, |

|  |  |  |
|---|---|---|
|  |  | 2025, unless a motion to seal is submitted by any party before that date. Petitioner should not file the arbitration award on the public docket before February 12, 2025. Petitioner is directed to serve a copy of this order on Respondents by February 5, 2025 and to file an affidavit of such service with the Court by February 10, 2025. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3. SO ORDERED.. (Signed by Judge Gregory H. Woods on 1/29/2025) (jca) (Entered: 01/30/2025) |
| 01/31/2025 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Twitter, Inc., re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 01/31/2025) |
| 01/31/2025 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to X Corp., re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 01/31/2025) |
| 02/03/2025 | 10 | ELECTRONIC SUMMONS ISSUED as to X Corp...(pc) (Entered: 02/03/2025) |
| 02/03/2025 | 11 | ELECTRONIC SUMMONS ISSUED as to Twitter, Inc...(pc) (Entered: 02/03/2025) |
| 02/10/2025 | 12 | AFFIDAVIT OF SERVICE. Twitter, Inc. served on 2/4/2025, answer due 2/25/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu., AFFIDAVIT OF SERVICE of Summons, Petition to Confirm, Civil Cover Sheet, Motion to Seal, Motion to Confirm, Sealed Award, Court Orders served on Twitter, Inc. on 2/4/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/10/2025) |
| 02/10/2025 | 13 | AFFIDAVIT OF SERVICE. X Corp. served on 2/4/2025, answer due 2/25/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu., AFFIDAVIT OF SERVICE of Summons, Petition to Confirm, Civil Cover Sheet, Motion to Seal, Motion to Confirm, Sealed Award, Court Orders served on X Corp. on 2/4/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu.. (Liss-Riordan, Shannon) (Entered: 02/10/2025) |
| 02/10/2025 | 14 | AFFIDAVIT OF SERVICE of Summons, Petition to Confirm, Civil Cover Sheet, Motion to Seal, Motion to Confirm, Sealed Award, Court Orders served on Twitter, Inc. and X Corp. on 2/4/2025. Service was accepted by Vincenza Cipriano. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/10/2025) |
| 02/12/2025 | 15 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, against the defendant(s) All Parties. Document filed by Jean-Philippe Maheu. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)...**(Liss-Riordan, Shannon) (Entered: 02/12/2025) |
| 02/12/2025 | 16 | NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i):Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner Jean-Philippe Maheu hereby gives notice that this action is voluntarily dismissed. Plaintiff has voluntarily dismissed this case pursuant to F.R.C.P. 41(a)(1)(A)(i). The Clerk of Court is directed to close this case. (Signed by Judge Gregory H. Woods on 2/12/2025) (rro) (Entered: 02/13/2025) |
| 02/21/2025 | 17 | LETTER MOTION for Leave to File Application to Unseal Judicial Documents addressed to Judge Gregory H. Woods from The New York Times Company, Kate Conger dated February 21, 2025. Document filed by The New York Times Company, Kate Conger.. (Sumar, Al-Amyn) (Entered: 02/21/2025) |

SDNY CM/ECF NextGen Version 1.8.3

| 02/22/2025 | 18 | ORDER: To that end, the deadline to submit a motion to seal in this case is extended to March 7, 2025. If no motion to seal is filed by that date, the Court will grant The Times's request for an order unsealing the Award. If a motion to seal is filed by that date, The Times may submit a reply. See Dkt. No. 17 at 4 n.5. The Times's reply, if any, is due one week after the date of service of any motion to seal. Petitioner is ordered to serve a copy of this order on Respondents by February 28, 2025 and to retain proof of service. SO ORDERED. (Motions due by 3/7/2025.) (Signed by Judge Gregory H. Woods on 2/22/2025) (mml) (Entered: 02/24/2025) |
|---|---|---|
| 02/28/2025 | 19 | AFFIDAVIT OF SERVICE of Letter Motion for Leave to File Application to Unseal Judicial Documents; Court Order Dated February 22, 2025 served on Twitter, Inc. on 2/25/2025. Service was accepted by Ingrid Lopez. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/28/2025) |
| 02/28/2025 | 20 | AFFIDAVIT OF SERVICE of Letter Motion for Leave to File Application to Unseal Judicial Documents; Court Order Dated February 22, 2025 served on X Corp. on 2/25/2025. Service was accepted by Ingrid Lopez. Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 02/28/2025) |
| 02/28/2025 | 21 | NOTICE OF APPEARANCE by Peter Michael Shimamoto on behalf of Twitter, Inc., X Corp...(Shimamoto, Peter) (Entered: 02/28/2025) |
| 02/28/2025 | 22 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent X Holdings Corp. for Twitter, Inc., X Corp.. Document filed by Twitter, Inc., X Corp...(Shimamoto, Peter) (Entered: 02/28/2025) |
| 02/28/2025 | 23 | LETTER MOTION for Extension of Time to File *Motion to Seal* addressed to Judge Gregory H. Woods from Peter Shimamoto dated 2/28/2025. Document filed by Twitter, Inc., X Corp...(Shimamoto, Peter) (Entered: 02/28/2025) |
| 03/01/2025 | 24 | ORDER granting 23 Letter Motion for Extension of Time to File. Application granted. Respondents' request for an extension of time to file a motion to seal, Dkt. No. 23, is granted. The deadline for Respondents to submit a motion to seal is extended to March 21, 2025. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 23. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/1/2025) (mml) (Entered: 03/03/2025) |
| 03/01/2025 | | Set/Reset Deadlines: Motions due by 3/21/2025. (mml) (Entered: 03/03/2025) |
| 03/06/2025 | 25 | LETTER addressed to Judge Gregory H. Woods from Shannon Liss-Riordan dated March 6, 2025 re: New York Times Letter (Dkt. 17). Document filed by Jean-Philippe Maheu..(Liss-Riordan, Shannon) (Entered: 03/06/2025) |
| 03/21/2025 | 26 | MOTION for Kenneth M. Trujillo-Jamison to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30807732. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Twitter, Inc., X Corp.. (Attachments: # 1 Affidavit of Kenneth M. Trujillo-Jamison In Support of Motion to Admit Counsel Pro Hac Vice with Certificate of Good Standing, # 2 Proposed Order Granting Pro Hac Vice Admission). (Trujillo-Jamison, Kenneth) (Entered: 03/21/2025) |
| 03/21/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 26 MOTION for Kenneth M. Trujillo-Jamison to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30807732. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 03/21/2025) |
| 03/21/2025 | 27 | ORDER granting 26 Motion for Kenneth M. Trujillo-Jamison to Appear Pro Hac Vice. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (va) (Entered: |

| | | 03/21/2025) |
|---|---|---|
| 03/21/2025 | 28 | LETTER MOTION to Seal *Unredacted Version of Final Award* addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 3/21/2025. Document filed by Twitter, Inc., X Corp.. (Attachments: # 1 Exhibit REDACTED Final Arbitration Award). (Trujillo-Jamison, Kenneth) (Entered: 03/21/2025) |
| 03/21/2025 | 29 | ***EX-PARTE*** BRIEF re: 28 LETTER MOTION to Seal *Unredacted Version of Final Award* addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 3/21/2025. . Document filed by Twitter, Inc., X Corp.. (Attachments: # 1 Exhibit UNREDACTED Final Arbitration Award)Motion or Order to File Under Seal: 28 . (Trujillo-Jamison, Kenneth) (Entered: 03/21/2025) |
| 03/28/2025 | 30 | NOTICE OF APPEARANCE by Timothy Tai on behalf of Kate Conger, The New York Times Company..(Tai, Timothy) (Entered: 03/28/2025) |
| 03/28/2025 | 31 | LETTER REPLY to Response to Motion addressed to Judge Gregory H. Woods from The New York Times Company, Kate Conger dated March 28, 2025 re: 17 LETTER MOTION for Leave to File Application to Unseal Judicial Documents addressed to Judge Gregory H. Woods from The New York Times Company, Kate Conger dated February 21, 2025., 28 LETTER MOTION to Seal *Unredacted Version of Final Award* addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 3/21/2025. . Document filed by Kate Conger, The New York Times Company..(Tai, Timothy) (Entered: 03/28/2025) |
| 06/20/2025 | 32 | ORDER denying 28 Letter Motion to Seal. Respondents' motion to seal the Award is denied. Barring further order of the Court, the Clerk of Court is directed to modify the viewing level of Dkt. No. 5 and 28 to permit public access to those documents on June 26, 2025. The Clerk of Court is further directed to terminate the motion pending at Dkt. No. 28. (Signed by Judge Gregory H. Woods on 6/20/2025) (rro) (Entered: 06/23/2025) |
| 06/23/2025 | 33 | LETTER MOTION to Stay re: 32 Order on Motion to Seal, addressed to Judge Gregory H. Woods from Kenneth M. Trujillo-Jamison dated 6/23/2025. Document filed by Twitter, Inc., X Corp...(Trujillo-Jamison, Kenneth) (Entered: 06/23/2025) |
| 06/24/2025 | 34 | ORDER granting 33 Letter Motion to Stay. Application granted. The Clerk of Court is directed not to change the viewing level on the documents filed at Dkt. Nos. 5 and 28 until 28 days from the date of this order. The viewing level will not be changed if Respondents file a timely notice of appeal unless and until the Court orders otherwise. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 33. (Signed by Judge Gregory H. Woods on 6/24/2025) (sgz) (Entered: 06/24/2025) |
| 06/26/2025 | 35 | NOTICE OF APPEAL from 32 Order on Motion to Seal,. Document filed by Twitter, Inc., X Corp.. Filing fee $ 605.00, receipt number ANYSDC-31295860. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Trujillo-Jamison, Kenneth) (Entered: 06/26/2025) |
| 06/27/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 35 Notice of Appeal,..(nd) (Entered: 06/27/2025) |
| 06/27/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 35 Notice of Appeal, filed by Twitter, Inc., X Corp. were transmitted to the U.S. Court of Appeals..(nd) (Entered: 06/27/2025) |
| 08/08/2025 | 36 | **FILING ERROR - DEFICIENT DOCKET ENTRY - (SEE DOCUMENT#37)** MOTION for Timothy Tai to Withdraw as Attorney . Document filed by Kate Conger, The New York Times Company..(Tai, Timothy) Modified on 8/8/2025 (lb). (Entered: 08/08/2025) |

10/8/25, 9:42 AM                                    SDNY CM/ECF NextGen Version 1.8.3

| 08/08/2025 | 37 | AMENDED MOTION for Timothy Tai to Withdraw as Attorney *(with corrected signature block)*. Document filed by Kate Conger, The New York Times Company..(Tai, Timothy) (Entered: 08/08/2025) |
| 08/10/2025 | 38 | MEMO ENDORSED ORDER granting 37 Motion to Withdraw as Attorney. ENDORSEMENT: Attorney Timothy Tai is granted leave to withdraw as counsel for Defendant. The Clerk of Court is instructed to terminate Attorney Timothy Tai from the list of active counsel in this case, and to terminate the motion pending at Dkt. No. 37. SO ORDERED. Attorney Timothy Tai terminated. (Signed by Judge Gregory H. Woods on 8/10/2025) (mml) (Entered: 08/11/2025) |

## PACER Service Center

### Transaction Receipt

10/08/2025 12:42:17

| PACER Login: | ktrujillojamison | Client Code: | 8026-062 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:25-cv-00836-GHW |
| Billable Pages: | 6 | Cost: | 0.60 |

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | |
| JEAN-PHILIPPE MAHEU,                                    ) | |
|                                                                          ) | Civ. A. No. 1:25-cv-836 |
|                                        Petitioner         ) | |
|                                                                          ) | |
|                           v.                                        ) | |
|                                                                          ) | |
| TWITTER, INC. and X CORP.,                          ) | |
|                                                                          ) | |
|                                        Respondents   ) | |
| _____ ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Jean-Philippe Maheu hereby petitions this Court, pursuant to 9 U.S.C. § 9 and

§ 207, for an order confirming an arbitration award he obtained on November 22, 2024,

in connection with an arbitration claim he filed against Respondents Twitter, Inc. and X

Corp. (collectively, "Twitter"). The award is attached here as Exhibit 1. Petitioner

requests that, pursuant to 9 U.S.C. § 9, the Court enter a judgment in accordance with

the confirmed award.

**I.   THE PARTIES**

1. Jean-Philippe Maheu is a resident of New York City, New York.

2. Respondent Twitter, Inc. is a company incorporated in Delaware and with a principal

   place of business in California. In October 2022, Twitter was acquired by X Corp., a

   company incorporated in Nevada with its principal place of business in California. X

   Corp. provides a social media platform to its users, who can share their posts

   publicly.

## II.  JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue lies in this district under 9 U.S.C. § 9 and § 204 because the arbitration award for which confirmation is sought was issued in this district and was made pursuant to an arbitration agreement that provides that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration." See Exhibit 2 at 3. Venue is also proper under 28 U.S.C. § 1391 because the matter arises from an arbitration conducted and an award issued in this district.

## III. BASIS OF AND CLAIM FOR RELIEF

5.  Petitioner Jean-Philippe Maheu is a former employee of Twitter who was terminated in November 2022.

6.  Prior to his termination, Mr. Maheu entered into a Dispute Resolution Agreement with Twitter that included an arbitration agreement, which is attached here as Exhibit 2.

7.  Pursuant to the Dispute Resolution Agreement, Mr. Maheu filed an arbitration demand against Twitter on April 28, 2023.

8.  On August 31, 2023, an arbitrator was appointed. See Exhibit 3.

9.  An arbitration hearing was held on September 10–12, 2024.

10. On November 22, 2024, the arbitrator entered a Final Award.

AA0009

11. Pursuant to 9 U.S.C. § 9, this Petition to confirm is brought within one year after the Final Award was issued.

12. Petitioner has not made a prior application to this Court, or any other court, for the relief requested in this Petition.

## COUNT I

### CONFIRMATION OF ARBITRATION AWARD UNDER
### THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 1 *et seq.*

Petitioner has satisfied the requirements for confirmation and entry of judgment on a final award, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, as well as pursuant to Twitter's arbitration agreement. Twitter's arbitration agreement provides that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration." Exhibit 2 at 3. By reason of the foregoing, this Court should issue an order confirming the arbitration award attached hereto as Exhibit 1 and direct that judgement be entered thereon.

**WHEREFORE,** Petitioner Jean-Philippe Maheu requests that the Court enter the following relief:

a. An order, pursuant to 9 U.S.C. § 9 and § 207, confirming the arbitration award attached hereto as Exhibit 1; and

b. Enter judgment thereon pursuant to 9 U.S.C. § 13.

Dated: January 28, 2025

3

Respectfully submitted,

JEAN-PHILIPPE MAHEU,

By his attorney,

_/s/ Shannon Liss-Riordan_
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

# EXHIBIT 1

# Filed Under Seal

# EXHIBIT 2

## DISPUTE RESOLUTION AGREEMENT

> **This Dispute Resolution Agreement is a contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice.**

### 1. How This Agreement Applies

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. This Agreement applies to any dispute arising out of or related to Employee's employment with Twitter, Inc. or one of its affiliates, successor, subsidiaries or parent companies ("Company") or termination of employment and survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse Employee or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement.

Except as it otherwise provides, this Agreement also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

### 2. Limitations On How This Agreement Applies

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

## DISPUTE RESOLUTION AGREEMENT

### 3. Selecting The Arbitrator

The Arbitrator shall be selected by mutual agreement of the Company and the Employee. Unless the Employee and Company mutually agree otherwise, the Arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an Arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. The location of the arbitration proceeding shall be no more than 45 miles from the place where the Employee reported to work for the Company, unless each party to the arbitration agrees in writing otherwise.

### 4. Starting The Arbitration

All claims in arbitration are subject to the same statutes of limitation that would apply in court. The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the attention of the Company's Legal Department, Twitter, Inc., 1355 Market Street, Suite 900, San Francisco, CA 94103. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

### 5. How Arbitration Proceedings Are Conducted

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

**You and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. Accordingly:**

**(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver"). The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is unenforceable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.**

**(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver"). The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is unenforceable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.**

**(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver"). The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is unenforceable. In such instances and where the claim is brought as a private attorney**

## DISPUTE RESOLUTION AGREEMENT

**general, such private attorney general claim must be litigated in a civil court of competent jurisdiction.**

Although an Employee will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is invalid, unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

### 6. Paying For The Arbitration

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.

### 7. The Arbitration Hearing And Award

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

### 8. An Employee's Right To Opt Out Of Arbitration

**Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.** The Employee must submit a signed and dated statement on a "Dispute Resolution Agreement Opt Out Form" ("Form") that can be obtained from the Company's Human Resources Department at hr@twitter.com. In order to be effective, the signed and dated Form must be returned to the Human Resources Department within 30 days of the Employee's receipt of this Agreement. An Employee who timely opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. Should an Employee not opt out of this Agreement within 30 days of the Employee's receipt of this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and the Company. An Employee has the right to consult with counsel of the Employee's choice concerning this Agreement.

## DISPUTE RESOLUTION AGREEMENT

**9. Non-Retaliation**

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Human Resources Department.

**10. Enforcement Of This Agreement**

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes. Except as stated in paragraph 5, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**AGREED:**

TWITTER, INC.

**AGREED:**

EMPLOYEE NAME PRINTED    Jean-Philippe Maheu

EMPLOYEE SIGNATURE

Date:

**AA0017**

# EXHIBIT 3



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

August 31, 2023

Shannon Liss-Riordan, Esq.
Lichten & Liss-Riordan, PC
729 Boylston Street, Suite 2000
Boston, MA 02116
Via Email to: sliss@llrlaw.com

Eric Meckley, Esq.
Morgan, Lewis & Bockius, LLP
1 Market Street
Spear Street Tower
San Francisco, CA 94105
Via Email to: eric.meckley@morganlewis.com

Case Number: 01-23-0002-2430

Jean-Philippe Maheu
-vs-
Twitter, Inc. and X Corp.

Dear Parties:

From the arbitrator lists submitted the American Arbitration Association (the AAA) has appointed Arthur D. Felsenfeld. Arbitrator Felsenfeld accepted the appointment and has agreed to serve at the rate of $550.00 per hour, as established on the arbitrator's resume. Enclosed, please find copies of the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

Arbitrator Felsenfeld has made a disclosure, as detailed on the enclosed Notice of Appointment and attachment. Please advise the AAA of any objections to the appointment of Arbitrator Felsenfeld by **September 6, 2023,** copying the other side. The arbitrator shall not be copied on any comments related to the disclosure.

You may also share and manage correspondence through AAA WebFile. The Case Administrator will determine who should receive viewing privileges and grant access accordingly.

If any objections to this arbitrator's appointment are raised, the other party may respond. The AAA will make a determination regarding the arbitrator's appointment, in accordance with the Rules.

As requested by the arbitrator, if either party or their counsel knows of any contact or conflict that may be relevant, please communicate this information to the AAA immediately.

Please do not hesitate to contact us with any questions and/or concerns.

Sincerely,

**AA0019**

*Nicholas M. Truesdale-Greil*

Nicholas Truesdale-Greil
Case Administrator
Direct Dial: (401)406-4689
Email: NicholasTruesdaleGreil@adr.org

Enclosure

cc:
Thomas Fowler, Esq.
Ashlee Cherry, Esq.
Sari Alamuddin, Esq.
Adele Doyle
Bradley Manewith, Esq.
Brian D. Berry, Esq.
Owen Allen
Cait Meyer
Margaret Born
Kaiser Chowdhry, Esq.
Clifford Haimann, Esq.
Thomas Fowler, Esq.
Kassia Stephenson, Esq.
Eric Meckley, Esq.
Shannon Liss-Riordan, Esq.
Megan Lipsky, Esq.

Arthur D. Felsenfeld

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                        )

JEAN-PHILIPPE MAHEU,            )

                        )     Civ. A. No. 1:25-cv-836

           Petitioner        )

                        )

          v.                 )

                        )

TWITTER, INC. and X CORP.,      )

                        )

          Respondents     )
_____ )

## <u>PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL</u>

Petitioner Jean-Philippe Maheu hereby moves, in conjunction with his Petition to Confirm Arbitration Award, to file the Final Award under seal. The Final Award is attached as Exhibit 1 to both his Petition as well as his Motion to Confirm.

Petitioner is seeking to file this Award under seal out of an abundance of caution because he understands that Twitter takes the position that the Award should not be public.

**AA0021**

Dated: January 28, 2025

Respectfully submitted,

JEAN-PHILIPPE MAHEU,

By his attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)

Pursuant to Local Rule 7.1(c), I hereby certify that this motion contains 70 words, excluding the caption and signature block, as established by the word count of the computer program used for preparation of the motion.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 28, 2025, she filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— )
)
JEAN-PHILIPPE MAHEU,                         )
)         Civ. A. No. 1:25-cv-836
                          Petitioner          )
)
              v.                              )
)
TWITTER, INC. and X CORP.,                    )
)
                   Respondents                )
———————————————————————— )

**PETITIONER'S NOTICE OF MOTION TO CONFIRM ARBITRATION AWARD**

PLEASE TAKE NOTICE that, pursuant to 9 U.S.C. § 9, Petitioner Jean-Philippe

Maheu will move this Court for an order granting Petitioner's Motion to Confirm

Arbitration Award, for the reasons set forth in Petitioner's Memorandum of Law in

Support of Motion to Confirm Arbitration Award.

Dated: January 28, 2025

Respectfully submitted,

JEAN-PHILIPPE MAHEU,

By his attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

**AA0024**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 28, 2025, she filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

JEAN-PHILIPPE MAHEU,                      )
                                          )
                        Petitioner        )          Civ. A. No. 1:25-cv-836
                                          )
            v.                            )
                                          )     ┌─────────────────────────────┐
TWITTER, INC. and X CORP.,                )     │ USDC SDNY                   │
                                          )     │ DOCUMENT                    │
                        Respondents       )     │ ELECTRONICALLY FILED        │
                                          )     │ DOC #:_____ │
---                                             │ DATE FILED: 1/29/25         │
                                                └─────────────────────────────┘

**MEMORANDUM ENDORSED**

**PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL**

Petitioner Jean-Philippe Maheu hereby moves, in conjunction with his Petition to

Confirm Arbitration Award, to file the Final Award under seal. The Final Award is

attached as Exhibit 1 to both his Petition as well as his Motion to Confirm.

Petitioner is seeking to file this Award under seal out of an abundance of caution

because he understands that Twitter takes the position that the Award should not be

public.

Dated: January 28, 2025

Respectfully submitted,

JEAN-PHILIPPE MAHEU,

By his attorney,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Application denied without prejudice.  Petitioner's motion to seal the arbitration award, Dkt. No. 5, is denied without prejudice. The arbitration award is a "judicial document," as it "has been placed before the court by the parties and . . . is relevant to the performance of the judicial function and useful in the judicial process."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation omitted).  Accordingly, the arbitration award is subject to "a potent and fundamental presumptive right of public access." *Id.* at 58.  A party's unelaborated "position" that the arbitration award "should not be public," Dkt. No. 3, is not a basis to defeat that presumptive right of public access, *see Mirlis*, 952 F.3d at 59; *see also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.").  Nor is a party's unelaborated "understand[ing]" that another party believes that the arbitration award should not be public.  Dkt. No. 3.

Any renewed motion to seal must comply with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, which requires, among other things, that a motion to seal "explain the particular reasons" for seeking to file a document, or information within a document, under seal.

Petitioner is directed to file the arbitration award on the public docket on February 12, 2025, unless a motion to seal is submitted by any party before that date.  Petitioner should not file the arbitration award on the public docket before February 12, 2025.

Petitioner is directed to serve a copy of this order on Respondents by February 5, 2025 and to file an affidavit of such service with the Court by February 10, 2025.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3.

SO ORDERED.

Dated: January 29, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ──────────────────────────── | ) | |
| JEAN-PHILIPPE MAHEU, | ) | |
| | ) | Civ. A. No. 1:25-cv-836 |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TWITTER, INC. and X CORP., | ) | |
| | ) | |
| Respondents | ) | |
| ──────────────────────────── | ) | |

### NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner Jean-Philippe Maheu hereby gives notice that this action is voluntarily dismissed.

Dated: February 12, 2025          Respectfully submitted,

JEAN-PHILIPPE MAHEU,

By his attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

1



**The New York Times
Company**

Al-Amyn Sumar
Legal Department

T 202 862 7705

al-amyn.sumar@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 21, 2025

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     <u>*Maheu v. Twitter, Inc., et al*, 25-cv-836-GHW</u> – Access to Sealed
        <u>Records</u>

Dear Judge Woods:

I write on behalf of reporter Kate Conger and The New York Times Company
(together, "The Times") to seek access to certain records that remain under seal
in this now-concluded case.[1] Specifically, The Times seeks to unseal the
arbitration award that was attached to both the petition to confirm the arbitration
award (Dkt. 1) and the motion to confirm the arbitration award (Dkt. 4). The
Court correctly recognized that the arbitration award is a judicial document
subject to a presumptive right of access. Dkt. 7 at 2. That presumption is not
overcome merely because one party in this action (Twitter) apparently believes
the award "should not be public." *Id.* The award should be unsealed.[2]

---

[1] The right of access is an affirmative, enforceable public right, and the standing
of the press to enforce it is well settled. *See, e.g.*, *Globe Newspaper Co. v. Super.
Ct.*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d
83, 91 (2d Cir. 2004).

[2] The undersigned contacted the parties' counsel — Shannon Liss-Riordan for
Mr. Maheu, and Eric Meckley and Ellyde Thompson for Twitter, *see* Dkt. 2 — to
ascertain their position on this unsealing request. Mr. Maheu takes no position;
Twitter did not respond. The undersigned is also serving a copy of this letter on
the parties' counsel by email.

**AA0029**

## Background

The petitioner, Jean-Philippe Maheu, initiated this action on January 28, 2025. *See* Dkt. 1. Mr. Maheu is a former employee of Twitter[3] who alleges he was terminated in November 2022 and subsequently arbitrated his claims against the company. *Id.* ¶¶ 5-10. The arbitrator entered a final award in Mr. Maheu's favor on November 22, 2024. *Id.* ¶ 10.

Also on January 28, Mr. Maheu moved to file the award under seal — not because it contains sensitive information about Twitter but "out of an abundance of caution because he understands that Twitter takes the position that the Award should not be public." Dkt. 3 at 1. The next day, the Court denied the motion without prejudice. Dkt. 7 at 2. It noted that the arbitration award is a "judicial document" because "it has been placed before the court by the parties and is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)) (cleaned up). The award is therefore "subject to 'a potent and fundamental presumptive right of public access.'" *Id.* (quoting *Mirlis*, 952 F.3d at 58). That presumption is not overcome, according to the Court, by one party's "understanding" that the other party believes the document "should not be public." *Id.* (cleaned up).

The Court's order directed Mr. Maheu to file the arbitration award on the public docket by February 12, 2025, unless any party filed a motion to seal before that date. *Id.* No party did. Instead, on February 12, 2025, Mr. Maheu filed a notice of voluntary dismissal. *See* Dkt. 15.

## Argument

To start, the parties have already forfeited their ability to justify the sealing of the arbitration award. The Court's January 29 order directed Mr. Maheu to publicly file the award unless either party filed a motion to seal. No such motion was filed, and the Court did not relieve the parties of their obligation to comply with its January 29 order. The Court is accordingly empowered to unseal the award immediately, and it should do so: the First Amendment right of access is a contemporaneous right, and its loss, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 127 (2d Cir. 2006).

---

[3] The company is now known as X Corp. For simplicity, this letter refers to the company as Twitter, as it was known at the time of Mr. Maheu's alleged termination.

2

**AA0030**

Even if the Court opts to consider the merits, it need only reaffirm what it previously said: the award is a judicial document subject to a weighty right of public access. In a proceeding to confirm an arbitration award, a final award is "relevant to the performance of the judicial function and useful in the judicial process" because, like other documents attached to the petition, it "directly affect[s] the Court's adjudication of that petition." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 U.S. Dist. LEXIS 162413, at *5-6 (S.D.N.Y. Sept. 13, 2023) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), and *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15-cv-165, 2015 U.S. Dist. LEXIS 13792, at *6 (S.D.N.Y. Feb. 5, 2015)); *see also, e.g.*, *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-cv-5219, 2024 U.S. Dist. LEXIS 56443, at *12-13 (S.D.N.Y. Mar. 28, 2024) (same).

The showing required to overcome the public right of access is considerable. That right has two sources: the common law and the First Amendment. Under the common-law analysis, an arbitration award submitted as part of a petition to confirm is generally subject to a "strong" presumption of public access, displaced only when the proponent of sealing shows that countervailing factors make secrecy necessary. *Eletson Holdings*, 2023 U.S. Dist. LEXIS 162413, at *10. The First Amendment standard is even more stringent: documents may be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120; *see id.* at 126 (noting that the First Amendment creates a "higher burden" to justify sealing); *Metro Risk Mgmt. Agency v. Hudson Specialty Ins. Co.*, No. 23-cv-1944, 2023 U.S. Dist. LEXIS 46019, at *5 (S.D.N.Y. Mar. 16, 2023) (noting that "[c]ourts in this District have thus found that petitions to confirm arbitral awards are subject to the First Amendment right of access," and denying motion to redact the petition).[4]

Here, no real justification has been provided for the blanket sealing. As the Court noted, one party's "unelaborated understanding" that the other party believes the

---

[4] The First Amendment right attaches to civil proceedings (and their associated documents) because such proceedings "have historically been open to the press and general public" and because "public access plays a significant positive role in the functioning of the particular process in question." *Lugosch*, 435 F.3d at 120 (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)); *see, e.g., id.* at 124 (First Amendment right attaches to summary judgment papers); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-cv-3694, 2011 U.S. Dist. LEXIS 138455, at *7 (S.D.N.Y. Nov. 30, 2011) (First Amendment right attaches to petition and supporting documents because an "unopposed petition for confirmation of an arbitration award is treated as akin to a motion for summary judgment").

3

sealed records "should not be public" is not a legitimate basis for sealing. Dkt. 7 at 2 (cleaned up). Nor is the mere fact that the arbitration proceedings were confidential. *See, e.g.*, *Eletson Holdings*, 2023 U.S. Dist. LEXIS 162413, at *15.[5]

That the case has now been dismissed does not defeat the public's right of access. Time and again, the Second Circuit has rejected the argument that the settlement of a case or mootness of a motion changes the status of what are otherwise judicial documents. *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("Pleadings are considered judicial records even when the case is pending before judgment or resolved by settlement." (cleaned up)); *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141-42 (2d Cir. 2017) (explaining that the judicial-document inquiry does not turn on whether the court "has already considered" the documents; instead, the "case law is clear" that summary judgment papers are "judicial documents upon filing"); *Abelar v. IBM*, 76 F.4th 74, 85 (2d. Cir. 2023) ("The fact that the district court did not reach the merits of Plaintiffs' motion does not change the analysis [of whether the motion papers are judicial documents].").

Nor does the Second Circuit's decision in *Stafford v. IBM*, 78 F.4th 62 (2d Cir. 2023), control the outcome here. Although the court found that the presumption of access was "weaker" once the petition became moot, it did so on the unique facts of the case: a stated desire by the petitioner's counsel to use the award in litigating similar arbitration claims and thereby "evade the confidentiality provision to which [the petitioner] agreed in her arbitration agreement." *Id.* at 70-71. There is no evidence of such an improper motive here. *See Eletson Holdings*, 2023 U.S. Dist. LEXIS 162413, at *13 (distinguishing *Stafford* and unsealing award where petition to confirm was "not filed to make public otherwise-confidential materials"). And even a relatively weaker presumption of access would mandate unsealing where, as here, no justification for the sealing has been provided. In any event, *Stafford* addresses only the common-law right of access, not the constitutional right. The First Amendment standard is the same for every judicial document to which that right applies: sealing must be essential to preserve an overriding interest, narrowly tailored to that interest, and supported by specific, on-the-record findings. *See, e.g.*, *Lugosch*, 435 F.3d at 124. The parties have not seriously tried to meet this standard, nor can they.

We thank the Court for its consideration of this matter.

---

[5] If the Court permits a party belatedly to try justifying the sealing, The Times respectfully requests an opportunity to reply.

Respectfully submitted,

Al-Amyn Sumar

cc:      Shannon Liss-Riordan (via email)
         Eric Meckley (via email)
         Ellyde R. Thompson (via email)

5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                 :

JEAN-PHILIPPE MAHEU,              :

                            :

                    Petitioner,    :            1:25-cv-836-GHW

                            :

              -against-        :              ORDER

                            :

TWITTER, INC., *et al.*,          :

                            :

                 Respondents.  :

                            :

---------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

      Petitioner brought this action to confirm an arbitration award (the "Award") on January 28, 2025. Dkt. No. 1. He filed the Award under seal and moved to seal the Award "out of an abundance of caution" because he "underst[ood]" that the Respondents "t[ook] the position that the Award should not be public." Dkt. No. 3. On January 29, 2025, the Court issued an order denying Petitioner's motion without prejudice because that is not a basis to seal a judicial document. Dkt. No. 7. The Court directed Petitioner to serve the order on Respondents by February 5, 2025[1] and to file the Award on the public docket on February 12, 2025 "unless a motion to seal [was] submitted by any party before that date." *Id.*

      On February 12, 2025, Petitioner voluntarily dismissed this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. No. 15. The Court closed this case later that day. Dkt. No. 16.

      On February 21, 2025, reporter Kate Conger and The New York Times Company (together, "The Times") filed a letter requesting that the Court unseal the Award. Dkt. No. 17. The Times argues, among other things, that the deadline has passed for any party in this case to file a motion to

---

[1] The Court also directed Petitioner to file an affidavit of such service by February 10, 2025. Dkt. No. 7. Petitioner filed an affidavit of service of the Court's order on February 10, 2025. Dkt. Nos. 13 & 14.

seal the Award. *Id.* at 4 n.5. However, because this action was dismissed before the deadline to file a motion to seal the Award had passed, *see* Dkt. Nos. 7 & 16, the parties in this case may have believed that they did not need to file a motion to seal the Award.

To that end, the deadline to submit a motion to seal in this case is extended to March 7, 2025. If no motion to seal is filed by that date, the Court will grant The Times's request for an order unsealing the Award. If a motion to seal is filed by that date, The Times may submit a reply. *See* Dkt. No. 17 at 4 n.5. The Times's reply, if any, is due one week after the date of service of any motion to seal.

Petitioner is ordered to serve a copy of this order on Respondents by February 28, 2025 and to retain proof of service.

SO ORDERED.

Dated: February 22, 2025 New
York, New York

_____
GREGORY H. WOODS
United States District Judge



707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

TEL  213.955.9240
FAX  213.955.9250

willenken.com

February 28, 2025

<u>Via ECF Only</u>

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Maheu v. Twitter, Inc., et al.*, Case No. 25-cv-836-GHW

Dear Judge Woods:

Pursuant to Section I.E. of Your Honor's Individual Rules of Practice in Civil Cases, Respondent X Corp. (which is also the successor in interest to Respondent Twitter, Inc.) respectfully submits this letter requesting an extension of time for X Corp. to file a motion to seal in this case from March 7, 2025 to March 21, 2025.

The original deadline for filing a motion to seal in this case was February 12, 2025. Dkt. No. 7. On February 22, 2025, after reporter Kate Conger and The New York Times Company (collectively, "The Times") sought leave to file a motion to unseal the award, this Court extended the deadline to March 7, 2025. Dkt. No. 18. No party has previously requested an extension of this deadline.

X Corp. respectfully requests this extension because this week X Corp. retained my firm to represent it with respect to filing a motion to seal in this case. Our firm was not involved in the arbitration giving rise to this action, and we need more time to familiarize ourselves with the issues present in this case to prepare a motion to seal. The Times consents to this request, and Petitioner does not object to it. The requested extension also would not affect any other scheduled dates in this case.

For all these reasons, X Corp. respectfully requests that the Court extend the deadline for the filing of a motion to seal in this case from March 7, 2025 to March 21, 2025.

Sincerely,

*/s/ Peter Shimamoto*

Peter Shimamoto



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/25
```



707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

TEL  213.955.9240
FAX  213.955.9250

willenken.com

## MEMORANDUM ENDORSED

February 28, 2025

**VIA ECF ONLY**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Maheu v. Twitter, Inc., et al.*, Case No. 25-cv-836-GHW

Application granted.  Respondents' request for an extension of time to
file a motion to seal, Dkt. No. 23, is granted.  The deadline for
Respondents to submit a motion to seal  is extended to March 21, 2025.
The Clerk of Court is directed to terminate the motion pending at Dkt.
No. 23.

SO ORDERED.

Dated: March 1, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

Dear Judge Woods:

Pursuant to Section I.E. of Your Honor's Individual Rules of Practice in Civil Cases, Respondent
X Corp. (which is also the successor in interest to Respondent Twitter, Inc.) respectfully submits
this letter requesting an extension of time for X Corp. to file a motion to seal in this case from
March 7, 2025 to March 21, 2025.

The original deadline for filing a motion to seal in this case was February 12, 2025. Dkt. No. 7.
On February 22, 2025, after reporter Kate Conger and The New York Times Company
(collectively, "The Times") sought leave to file a motion to unseal the award, this Court
extended the deadline to March 7, 2025. Dkt. No. 18. No party has previously requested an
extension of this deadline.

X Corp. respectfully requests this extension because this week X Corp. retained my firm to
represent it with respect to filing a motion to seal in this case. Our firm was not involved in the
arbitration giving rise to this action, and we need more time to familiarize ourselves with the
issues present in this case to prepare a motion to seal. The Times consents to this request, and
Petitioner does not object to it. The requested extension also would not affect any other
scheduled dates in this case.

For all these reasons, X Corp. respectfully requests that the Court extend the deadline for the
filing of a motion to seal in this case from March 7, 2025 to March 21, 2025.

Sincerely,

*/s/ Peter Shimamoto*

Peter Shimamoto



willenken

March 21, 2025

<u>VIA ECF ONLY</u>

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

TEL 213.955.9240
FAX 213.955.9250

willenken.com

Kenneth Trujillo-Jamison
ktrujillo-jamison@willenken.com

Re:    <u>*Maheu v. Twitter, Inc., et al.*</u>, Case No. 25-cv-836-GHW – Motion for Approval to Seal

Dear Judge Woods:

Pursuant to Your Honor's Memo Endorsement dated January 29, 2025, Your Honor's Order dated February 22, 2025 (Dkt. 18), and Your Honor's Memo Endorsement dated March 1, 2025, Respondent X Corp. (which is also the successor in interest to Respondent Twitter, Inc.) respectfully moves for approval to file under seal the unredacted version of the arbitration award filed in this case ("Final Award").

Petitioner voluntarily dismissed his petition to confirm the Final Award before the Court considered the merits of his petition. As such, the presumption of public access to be afforded to the Final Award is weak. And several factors present here—including the important policy considerations of preserving the confidentiality of arbitral proceedings, as recognized by the Federal Arbitration Act, the parties' agreement to keep the contents and results of the arbitration confidential, and the Petitioner's private financial information contained in the Final Award— counsel against public disclosure of the unredacted version of the Final Award. Those factors also constitute "higher values" that outweigh the First Amendment right to public access to the document. As such, the Court should grant X Corp.'s motion and seal the unredacted version of the Final Award.

<u>Background</u>. In this case, the parties conducted an arbitration under a "Dispute Resolution Agreement" "governed by the Federal Arbitration Act." Dkt. 1 at 2 ¶¶ 5–9; *id*, Ex. 2, at 2. In that agreement, the parties agreed, among other things, that "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, *content*, or *results* of any arbitration without the prior written consent of all parties." *Id.* at 4 (emphasis added). After the conclusion of the arbitration, the arbitrator issued the Final Award which, among other things, contains citations and references to documents used in the arbitration, the arbitrator's analysis and reasoning, and the results of the arbitration. Dkt. 1 at 2 ¶ 10. Petitioner later initiated this action seeking to confirm that award. *Id.* at 3 ¶ 11.

In connection with filing the petition in this case, Petitioner filed a Motion to File Documents Under Seal. Dkt. 3. On January 29, 2025, the Court denied Petitioner's motion, reasoning that "[a] party's unelaborated 'position' that the arbitration award 'should not be public'" and "a party's unelaborated 'understand[ing]' that another party believes that the arbitration award should be public" were "not a basis to defeat [the] presumptive right of public



March 21, 2025
Page 2

access" to the award. Dkt. 7 at 2. The Court directed Petitioner to "file the arbitration award on the public docket on February 12, 2025, unless a motion to seal is submitted by any party before that date." *Id.* On that day, Petitioner filed a notice of voluntary dismissal, which the Court so-ordered the same day. Dkts. 15, 16. Nine days later, non-parties The New York Times Company and reporter Kate Conger (collectively, "The Times") filed a letter seeking access to the Final Award. Dkt. 17. The next day, the Court extended the deadline for filing a motion to seal until March 7, 2025. Dkt. 18 at 2. The Court later granted Respondent X Corp.'s letter-motion for a further extension of that deadline until today. Dkt. 24.

<u>Argument</u>. The unredacted version of the Final Award merits sealing. *First*, the presumption of public access to the Final Award is weak because Petitioner voluntarily dismissed his petition before the Court considered it. "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Kakkera*, 2023 WL 4624681, at *1 (S.D.N.Y. July 19, 2023) (Woods, J.) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks omitted)). Petitioner's voluntary dismissal of this action "moot[ed]" the petition. *See Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023); Dkt. 16. The Final Award "played no role in [the Court's] exercise of Article III judicial power," *see id.* (citation and quotation marks omitted), and as such "the presumption of access does not have substantial weight," *see Brandon v. NPG Records, Inc.*, 2020 WL 2086008, at *10 (S.D.N.Y. Apr. 30, 2020) (Woods, J.).

*Second*, several factors counsel against the public disclosure of the Final Award and constitute higher values that outweigh the First Amendment right of public access. The Second Circuit has repeatedly affirmed the "FAA's strong policy protecting the confidentiality of arbitral proceedings," which is a "paradigmatic aspect of arbitration." *Stafford*, 78 F.4th at 70, 71 (citation omitted). Accordingly, the Second Circuit has repeatedly "affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal." *See id.* (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) (confidential settlement) and *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (confidential arbitration award)). Here, the Final Award was issued after an arbitration governed by the Federal Arbitration Act. *See* Dkt. 1 at 2 ¶¶ 6–11; Dkt. 1-2 at 2 ("This Agreement is governed by the Federal Arbitration Act"). And underscoring the confidentiality of the Final Award, Petitioner and X Corp. agreed that "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, *contents*, or *results* of any arbitration hereunder without the prior written consent of all parties." Dkt. 1-2 at 4 (emphasis added). The Final Award contains, among other things, the "contents" and "results" of the underlying arbitration, which the parties agreed to keep confidential. *Id.* The Final Award also includes private financial information about Petitioner that warrants sealing. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (Woods, J.) (privacy interests "establish a venerable common law exception to the presumption of access.") (internal quotation marks and citation omitted); *see* Rule 4(A)(i) of the Individual



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240    FAX 213.955.9250    willenken.com

March 21, 2025
Page 3

Rules of Practice in Civil Cases ("individual financial information" "may warrant a motion for approval of sealed or redacted filing"); *see also* Dkt. 25 (Petitioner requesting "the dollar amount of the award to be redacted" for "privacy purposes").

The Second Circuit's decision in *Stafford* is instructive. There, the petitioner moved to confirm an arbitration award but the defendant mooted the petition by paying it. 78 F.4th at 66. The Second Circuit held that the district court erred by granting a motion to unseal the award, determining that the mooting of the petition "diminish[ed the] presumption of access" to the arbitration award, and that "the importance of confidentiality under the FAA" (as well as the petitioner's "improper attempt to evade the confidentiality provision" of the underlying arbitration agreement) merited sealing it. *Stafford*, 78 F.4th at 66. Although that case did not involve the First Amendment right of public access and there is no evidence of any improper attempt to evade confidentiality here, the core bases of the *Stafford* court's reasoning—the "FAA's strong policy protecting the confidentiality of arbitral proceedings," weighed against the "diminished presumption of access" to the arbitration award after the petition was mooted—counsel against public disclosure of the unredacted version of the Final Award.[1] *Id.*

Conclusion. For all these reasons, the motion to seal should be granted, and the Court should seal the unredacted version of the Final Award.[2]

---

[1] *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 WL 5956144 (S.D.N.Y. Sept. 13, 2023), on which the Times relies in its letter (Dkt. 17), does not dictate a different result. There, the Court reasoned that "[a] strong presumption of public access . . . attaches to papers submitted in connection with a petition to confirm an arbitration award" because those "papers 'directly affect an adjudication' and are 'central to the judicial function.'" *Id.* at *3 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Here, the Court did not "adjudicat[e]" Petitioner's petition; rather, Petitioner voluntarily dismissed this action before the Court performed that "judicial function." *See id.* For similar reasons, *Metro Risk Mgmt. Agency v. Hudson Specialty Ins. Co.*, No. 23-cv-1944, 2023 WL 2575117 (S.D.N.Y. Mar. 16, 2023), also cited by The Times in its letter, does not compel a different result. There, the Court held the defendant's "generalized concern" that public disclosure of certain allegations in the petition would cause "embarrassment and speculative business harms to the arbitrators" was not "sufficient to overcome the First Amendment public right of access to" the petition, in part because the "allegations" were "important to at least one of [Petitioner's] grounds for vacating the arbitration award" and were "thus *necessary to understand the merits*" of Petitioner's action. *Id.* at *2–3 (emphasis added; internal quotation marks omitted). Because Petitioner's voluntary dismissal of the action mooted the petition, the Final Award is not "necessary to understand the merits" of any issue in this case. *See id.* at *1.

[2] If the Court is inclined to deny X Corp.'s motion, X Corp. respectfully requests in the alternative that the Court grant it leave to submit an amended motion to seal. *See Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, No. 21-cv-00207, 2021 WL 3540221, at *4



707 Wilshire Blvd., Suite 4100, Los Angeles, CA  90017
TEL  213.955.9240    FAX  213.955.9250    willenken.com

March 21, 2025
Page 4


Sincerely,

*/s/ Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison (admitted pro hac vice)
Peter Shimamoto

Counsel for Respondent X Corp.

---

(S.D.N.Y. Aug. 11, 2021) (denying motion to seal without prejudice and permitting movants to
submit amended motion).



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240   FAX 213.955.9250   willenken.com

**AMERICAN ARBITRATION ASSOCIATION**

**EMPLOYMENT ARBITRATION TRIBUNAL**

| | |
|---|---|
| JEAN-PHILIPPE MAHEU, ) | |
| ) | |
| Claimant, ) | AAA Case No. 01-23-0002-2430 |
| ) | |
| -against- ) | |
| ) | |
| TWITTER, INC. AND X CORP., ) | |
| ) | |
| Respondents. ) | |

**FINAL AWARD**

I, THE UNDERSIGNED ARBITRATOR, having been duly appointed and qualified pursuant to a Dispute Resolution Agreement (undated), and having been duly sworn, and Claimant, Jean-Philippe Maheu ("Claimant" or "Maheu") having been represented by Shannon Liss-Riordan, Esq., Brad Manewith, Esq. and Trevor Byrne, Esq. of Lichten & Liss-Riordan, P.C., and Respondents, Twitter, Inc. and X Corp. (collectively "Respondents" or "Twitter"), having been represented by Margaret Schmidt, Esq., Elyde Thompson, Esq. and Annie Goodman, Esq. of Quinn Emanuel Urquhart & Sullivan LLP, and a hearing having been held and the undersigned having duly heard the proofs and allegations of the parties, do hereby AWARD as follows:

**BACKGROUND**



1



2



3

██████████████████████████████████████████████████████████

██████████████████████████████████████████

Maheu commenced this arbitration proceeding on April 28, 2023, asserting the following

claims: ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

Respondents filed their Response to Claimant's Arbitration Demand on August 7, 2023,

██████████████████████████████████████████. A hearing was held on September 10,

11 and 12, 2024, ██████████████████████████████████████████████

██████████████████████████████████████. The conclusions reached herein

were impacted substantially by my assessment of the credibility of the witnesses who testified.

Following the evidentiary hearing, the parties filed extensive post-hearing briefs and responsive

briefs and oral argument was held on November 18, 2024.

**DISCUSSION**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

4



5



6



AA0048



8



9



AA0051



11



**AWARD**

12

11/22/24
_____
Date

_____
Arthur D. Felsenfeld

I, Arthur D. Felsenfeld, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

11/22/24
_____
Date

_____
Arthur D. Felsenfeld

13

# FILED UNDER SEAL
# AA0055–AA0058

Letter Motion to Seal Unredacted Version
of Final Award

(Dist. Ct. Dkt. No. 29 Mar. 28, 2025)

# FILED UNDER SEAL
# AA0059–AA0071

Unredacted Final Arbitration Award
(Dist. Ct. Dkt. No. 29-01 Mar. 28, 2025)



The New York Times
Company

Tim Tai
First Amendment Fellow

T 212 556 1244

timothy.tai@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

March 28, 2025

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    _Maheu v. Twitter, Inc._, 25-cv-836-GHW — Reply in Further
       Support of Motion to Unseal Judicial Records

Dear Judge Woods:

Pursuant to Your Honor's February 22, 2025, Order (Dkt. 18), reporter
Kate Conger and The New York Times Company (together, "The Times")
submit this reply in opposition to Respondent X Corp.'s motion to seal the
unredacted arbitration award at issue in this case (Dkt. 28, hereinafter "X
Mot.") and in further support of The Times's motion to unseal that award
(Dkt. 17, hereinafter "NYT Mot.").[1] X's primary basis for sealing—a
generalized interest in keeping arbitration proceedings confidential—
cannot overcome the presumption of public access to judicial records
under either the common law or the more rigorous First Amendment
standard, which X does not dispute applies here. The Court should unseal
the award.

**I.      X Cannot Overcome the Strong First Amendment Right of
          Access.**

X appears to concede, as it must, that the award is a judicial record subject
to a presumptive right of public access under the First Amendment. X

---

[1] Though Rule 1(A) of Your Honor's Individual Rules of Practice in Civil
Cases limits letters to three pages, this letter is the functional equivalent of
a reply brief, and The Times's position is that the length requirements in
Local Civil Rule 7.1 govern instead. If the Court disagrees, The Times is
prepared to make a formal motion to intervene and re-file this letter and its
prior letter as briefs.

Mot. at 1-3; *see* NYT Mot. at 3-4 & n.4. Yet X, relying on *Stafford v. IBM Corp.*, 78 F.4th 62 (2d Cir. 2023), claims the presumption here is "weak because Petitioner voluntarily dismissed his petition before the Court considered it." X Mot. at 2. That mistakenly conflates the common-law access right with the even stronger constitutional right. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) ("[I]t is necessary to keep the two standards conceptually distinct when analyzing a particular . . . document."). As X recognizes, *Stafford* "did not involve the First Amendment right of public access." X Mot. at 3. Once the First Amendment right attaches, the court does not "determine the weight of the presumption and measure it against competing considerations." *United States v. Erie County*, 763 F.3d 235, 241 (2d Cir. 2014). Instead, a record "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 239 (brackets omitted). The petition's dismissal thus cannot diminish the "more stringent" First Amendment presumption of access to the award. *Id.* at 241.[2]

X proffers three reasons for sealing: (1) a generalized interest in "preserving the confidentiality of arbitral proceedings"; (2) "the parties' agreement to keep the contents and results of the arbitration confidential"; and (3) the award's mention of Petitioner Maheu's "private financial information." X Mot. at 1. None is sufficient to overcome the strong constitutional right of access.

*First*, as courts in this district have repeatedly explained, the mere fact that arbitration proceedings are conducted confidentially cannot justify sealing arbitration awards that are otherwise subject to the access right. *See, e.g.*, *Bristol-Myers Squibb Co. v. Nov Artis Pharma AG*, No. 22-cv-4162, 2022 U.S. Dist. LEXIS 106324, at *7-8, 10 (S.D.N.Y. June 14, 2022) (finding "policy considerations" of arbitral confidentiality inadequate to overcome First Amendment presumption and collecting cases). Indeed, X makes no attempt to show how a generic interest in arbitral secrecy would warrant sealing this particular document. *See, e.g.*, *Gen. Re Life Corp. v. Am. Gen.*

---

[2] X's attempt (X Mot. at 3 n.1) to distinguish *Metro Risk Management Agency v. Hudson Specialty Insurance Co.*, No. 23-cv-1944, 2023 U.S. Dist. LEXIS 46019 (S.D.N.Y. Mar. 16, 2023), similarly fails because the First Amendment access right attaches even if a case is voluntarily dismissed, *see* NYT Mot. at 4.

*Life Ins. Co.*, No. 23-cv-5219, 2024 U.S. Dist. LEXIS 56443, at *15 (S.D.N.Y. Mar. 28, 2024) (refusing to seal arbitration award based on "vague, general, and undifferentiated" interests). For instance, it offers no evidence that the company would be harmed by disclosure of the award. *See, e.g.*, *Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co.*, No. 12-cv-3274, 2012 U.S. Dist. LEXIS 118233, at *16 (S.D.N.Y. Aug. 21, 2012) ("Respondents do not point to any specific information contained in the Final Award the disclosure of which would be harmful to any party."). And nothing suggests the award's contents—"citations and references to documents used in the arbitration, the arbitrator's analysis and reasoning, and the results of the arbitration," X Mot. at 1—are at all sensitive.

*Second*, and relatedly, the parties cannot bargain away the *public*'s First Amendment rights simply by agreeing between themselves to keep the award confidential. *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (rejecting parties' attempt to keep voluntarily dismissed complaint under seal pursuant to private settlement agreement); *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 359 (S.D.N.Y. 2020) (Woods, J.) (finding it well settled that the "existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access"); Individual R. of Prac. in Civ. Cases 4(A)(ii). Put simply, "[i]f the prevailing party in arbitration feels compelled to reduce its award to a judgment, its opponent should understand that the proceedings will no longer be secret, no matter what the parties have agreed."[3] *Bristol-Myers Squibb*, 2022 U.S. Dist. LEXIS 106324, at *10-11. X does not explain why this case should be any different.

*Third*, X's vague references to "private financial information" of the petitioner also fall short. X never explains what that information is or why it should be deemed private, and the only information that Mr. Maheu asks to redact is the "dollar amount of his particular award." Dkt. 25 at 1. But his unelaborated assertion that this figure "is not of great public interest or

---

[3] The parties expressly recognized this in agreeing that a court "shall have the authority to enter a judgment upon the award" and in consenting to disclosure of the award when "permitted or required by law." Dkt. 1-2 at 4; *see, e.g.*, *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 U.S. Dist. LEXIS 162413, at *15 n.2 (S.D.N.Y. Sept. 13, 2023).

importance," *id.*, is far too conclusory to overcome the access right, *see Bernstein*, 814 F.3d at 144-45; *Bristol-Myers Squibb*, 2022 U.S. Dist. LEXIS 106324, at *17 (refusing to seal award amount). In any event, the public does have an interest in knowing the value of a judgment sought by a party leveraging judicial resources to obtain it. *See, e.g.*, *Bernstein*, 814 F.3d 140 (describing how even settled pleadings provide valuable information); *Olano v. Designs by RJR, Ltd.*, No. 17-cv-5703, 2017 U.S. Dist. LEXIS 166279, at *4 (S.D.N.Y. Oct. 6, 2017) (finding the "public has a substantial interest in the amount of settlement").

## II.    X Also Cannot Overcome the Common-Law Presumption of Access.

Although the Court need not address the common-law right because the First Amendment standard is more demanding, *see Erie County*, 763 F.3d at 241, X's claim that the common-law presumption here is "weak" is also incorrect. The Second Circuit has made clear that even if a suit is settled before judgment, the presumption of access to its initiating documents remains overall "strong." *Bernstein*, 814 F.3d at 142 (finding "strong" common-law access right to complaint that was settled before being unsealed). That is because "[i]t is the [petition] that invokes the powers of the court, states the causes of action, and prays for relief." *Id.*; *see also id.* at 140 (finding that "the fact of filing a complaint" is "a significant matter of record"). The mootness of a complaint or petition is one factor that may lessen the strength of the presumption, *see Stafford*, 78 F.4th at 70, but it does not without more render the presumption insubstantial. The public continues to have a strong interest in understanding why "a claim has been leveled and [why] state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Bernstein*, 814 F.3d at 141.

And for the reasons already described, the common-law right also requires unsealing here. As the party opposing disclosure, X bears the burden to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024). It has not done so. *See id.* ("Broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." (brackets omitted)). To the contrary: by publicly disclosing portions of the award (Dkt. 28-1), X effectively concedes that its purported interest in keeping arbitration materials

confidential is not all that weighty. *Contra* X Mot. at 2 (relying on parties' agreement not to disclose "existence" or "contents" of arbitration). And it never specifies why the redacted portions should be treated any differently from the unredacted portions. *See, e.g.*, *Dickerson v. Novartis Corp.*, No. 15-cv-1980, 2016 U.S. Dist. LEXIS 197595, at *10 (S.D.N.Y. Apr. 11, 2016) (Woods, J.) (unsealing redacted portions of third-party neutral's declaration where the parties "offer[ed] no particular interest to justify redactions"). X thus fails to overcome the common-law presumption of access as well.[4]

For these reasons and for those stated in The Times's motion, the Court should unseal the unredacted award.[5]

Respectfully submitted,

Timothy Tai

cc:    All counsel of record (via ECF)

---

[4] *Stafford* does not compel a different result because, as already noted (NYT Mot. at 4), it rested on a finding that the petitioner's effort "to evade the confidentiality provision to which [she] agreed in her arbitration agreement" was "a strong countervailing consideration against unsealing." 78 F.4th at 71. Here, X correctly recognizes "there is no evidence of any improper attempt to evade confidentiality." X Mot. at 3.

[5] The Court should also deny X's alternative request (X Mot. at 3-4 n.2) for another opportunity to justify sealing. A delay in unsealing the award would prejudice The Times because "the First Amendment right of access is a contemporaneous right, and its loss, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'" NYT Mot. at 2 (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 127 (2d Cir. 2006)). X could have—but did not—move to seal before the Court's initial deadline of February 12, 2025 (Dkt. 7 at 2); it received two extensions to file the instant sealing motion (Dkts. 18, 24); and it does not point to anything it would raise in an amended motion that it could not raise now.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                            :
JEAN-PHILIPPE MAHEU,                                        :
                                                            :
                                        Petitioner,         :          1:25-cv-836-GHW
                                                            :
                     -against-                              :          ORDER
                                                            :
TWITTER, INC., *et al.*,                                    :
                                                            :
                                        Respondents.        :
                                                            :
------------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

> One distinguishing facet of the American legal system is its commitment to public access to the trial process. This legacy of "open justice" is as old as America itself. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 590 (1980) (Brennan, J. concurring). Respondents, Twitter, Inc. and X Corp., have asked that the Court seal an arbitral award because it was the product of a confidential arbitration proceeding. That fact alone does not overcome the presumption of public access to the award safeguarded by the First Amendment to the United States Constitution. Therefore, Respondents' motion to seal is DENIED.

## I.    BACKGROUND

> The life cycle of this case before the Court was short. On January 28, 2025, Petitioner Jean-Phillippe Maheu filed a petition to confirm an arbitral award issued in his favor. Dkt. No. 1 (the "Petition"). The Petition asserted that Mr. Maheu had been employed by Twitter, Inc. ("Twitter") and that he had been terminated in November 2022. *Id.* ¶ 6. As a result of his termination, Mr. Maheu filed an arbitration demand pursuant to a dispute resolution agreement between him and Twitter. *Id.* ¶ 7. On November 22, 2024—just over two months before this action was commenced—the arbitrator entered an award in Mr. Maheu's favor. *Id.* ¶ 10.

Attached to the Petition was a copy of the arbitral award that Mr. Maheu sought to enforce. Dkt. Nos. 1-1; 5 (the "Award"). Mr. Maheu asked for leave to file the Award under seal. Dkt. No. 3. As justification for the request to seal the award, he wrote only that "Petitioner is seeking to file this Award under seal out of an abundance of caution because he understands that Twitter takes the position that the Award should not be public." *Id.* The Court denied that request on January 29, 2025, noting that Petitioner's rationale was not sufficient to overcome the "potent and fundamental presumptive right of public access" to the Award. Dkt. No. 7. The Court ordered Petitioner to "file the arbitration award on the public docket on February 12, 2025, unless a motion to seal is submitted by any party before that date." *Id.*

According to the docket, Petitioner served Respondents on February 4, 2025. Dkt. Nos. 13, 14. Eight days later, on February 12, 2025, Petitioner filed a stipulation dismissing this action. Dkt. No. 15. The Court endorsed the stipulation the same day. Dkt. No. 16. Presumably understanding that the dismissal relieved him of the obligation to do so, Petitioner did not file the Award on the docket as the Court had previously directed.

On February 21, 2025, reporter Kate Conger and The New York Times Company (together, "The Times") filed a letter requesting that the Court unseal the Award. Dkt. No. 17. The Court responded with an order extending the deadline for a party to file a motion to seal the Award. Dkt. No. 18. As the Court explained, "because this action was dismissed before the deadline to file a motion to seal the Award had passed, the parties in this case may have believed that they did not need to file a motion to seal the Award." *Id.* at 2.

Mr. Maheu filed a letter on March 6, 2025, asking that the Court redact the "dollar amount of the award." Dkt. No. 25. He requested "this partial redaction for privacy purposes and submits that the dollar amount of this particular award is not of great public interest or importance, in contrast perhaps to the substance of the decision through which the award was issued." *Id.*

2

**AA0078**

Twitter filed a motion to seal the Award on March 21, 2025.  Dkt. No. 28 ("X Mot.").  The Times responded on March 28, 2025.  Dkt. No. 31 ("Times Rep.").

## II.    LEGAL STANDARD

The parties agree that there is a First Amendment right of access to the Petition and the Award that was attached to it.  X Mot. at 2 (arguing that "several factors counsel against public disclosure of the Final Award and constitute higher values that outweigh the First Amendment right of public access.").[1]  When a First Amendment right of access attaches to a document, "there exists a qualified, presumptive First Amendment right of public access to the proceeding or document." *Courthouse News Service v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025).  "[I]f such a presumptive right exists, the proponent of closure must establish through specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotations and citations omitted).  "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*

The First Amendment right of access to documents is analytically distinct from the common law right of access to judicial documents.  "In contrast to the First Amendment right, the common law right attaches with different weight depending on two factors: (a) 'the role of the material at

---

[1]  The Second Circuit has articulated two approaches to determine whether the First Amendment right attaches to a document.  "To determine whether this First Amendment right attaches in circumstances such as the one before us, we look, first, to whether 'experience and logic' support making the document available to the public.  That is, we consider (a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *U.S. v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).  "Petitions to confirm arbitration awards . . . are subject to the presumption of public access under the First Amendment because '[i]n circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done.'" *Alexandria Real Est. Equities v. Fair*, 2011 WL 6015646 at *2 (quoting *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, 2008 WL 1805459 at *2–*3 (S.D.N.Y. 2008)).

3

issue in the exercise of Article III judicial power' and (b) 'the resultant value of such information to those monitoring the federal courts.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164–65 (2d Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "In addition to the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring secrecy. Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct when analyzing a particular proceeding or document." *Id.*

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

## III.     ANALYSIS

Respondents have failed to meet their burden to justify sealing of the Award. The public's right of access to the Award is presumptively protected by the First Amendment. Respondents have not presented a sufficient basis for the Court to find that the presumption has been overcome. The basis for Respondents' request that the Court seal the Award in its entirety is the fact that the Award was the product of a confidential arbitration process. Respondents argue that the "Second Circuit has repeatedly affirmed the 'FAA's strong policy protecting the confidentiality of arbitral proceedings,' which is a 'paradigmatic aspect of arbitration.'" X. Mot. at 2 (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70, 71 (2d Cir. 2023)). And, Respondents contend, the Award

4

**AA0080**

"contains, among other things the 'contents' and 'results' of the underlying arbitration, which the parties agreed to keep confidential." *Id.*

Respondents' argument relies heavily on the Second Circuit's decision in *Stafford*.[2] In *Stafford*, the Court of Appeals reversed a trial court's decision to unseal an arbitral award that had been submitted in connection with a petition for arbitration. The Second Circuit analyzed the application to seal using the framework outlined in *Mirlis v. Greer*, which applies to the evaluation of the common law presumption of public access to judicial documents.[3] *Stafford*, 78 F.4th at 69. Applying that test, the Second Circuit determined that the arbitral award was a "judicial document," but that the presumption of public access was "weaker here because the petition to confirm the award was moot," and thus the award "played no role in the exercise of Article III judicial power . . . ." *Id.* (internal quotations and citations omitted).

The Second Circuit ruled that the trial court had erred by "failing to consider and give appropriate weight to the 'countervailing factors' at issue." *Id.* at 70. The court pointed to two issues that the district court had failed to consider properly. First, the Second Circuit noted that "[i]n weighing disclosure, courts must consider not only the sensitivity of the information and the subject but also how the person seeking access intends to use the information." *Id.* (internal quotations omitted). This consideration weighed against sealing the award in *Stafford* because of the plaintiff's "improper effort to evade the confidentiality provision of the [arbitration] Agreement."

---

[2] Respondents recognize that Stafford is only "instructive," not dispositive authority. X. Mot. at 2.

[3] In *Mirlis v. Greer*, the Second Circuit summarized the three steps that a court should follow to analyze whether the presumption of public access attaches to a document under the common law right of public access and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* The court in *Stafford* did not explain why it applied the common law test rather than the First Amendment test.

*Id.* at 69.  The plaintiff sought to misuse the litigation process to evade the confidentiality protection for her arbitral award "to enable her counsel to use the award in the litigation of ADEA claims of other former IBM employees."  *Id.* at 71.  The Circuit opined that "[s]uch efforts to evade the confidentiality provision to which Stafford agreed in her arbitration agreement are a strong countervailing consideration against unsealing."  *Id.*

Second, the Second Circuit held that the trial court had erred "because it failed to weigh the FAA's strong policy in favor of confidentiality."  *Id.* at 69.  Noting that "[c]onfidentiality is a paradigmatic aspect of arbitration," *id.* at 71 (internal quotation omitted), the court stated that "We have affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal."  *Id.*  The Second Circuit then concluded that:  "The district court's conclusion that 'the enforcement of contracts . . . does not constitute a higher value that would outweigh the presumption of public access to judicial documents' did not fully account for the context of Stafford's unsealing motion."  *Id.*  "In short, the presumption of access to judicial documents is outweighed here by the interest in confidentiality and because Stafford's apparent purpose in filing the materials publicly is to launder their confidentiality through litigation."  *Id.*

Three aspects of the decision in *Stafford* must be highlighted here.  First, the Second Circuit did not create a categorical rule that the confidential nature of an arbitral award overcomes the presumption of public access to judicial documents, even in the context of the common law presumption.  Second, the court in *Stafford* considered the application to seal using the common law standard, which permitted it to determine that the weight of the presumption was low.  And third, it reminded district courts to consider the purpose for which a request to seal or unseal a document is made.

The preservation of the confidentiality of an arbitral award, by itself, is not a "higher value" that overcomes the presumption of access afforded by the First Amendment.  *See, e.g.*, *Lohnn v. Int'l*

*Bus. Machines Corp.*, 2022 WL 36420 at *13 (S.D.N.Y. 2022) ("[T]he interest in arbitral confidentiality has never been understood to alone be sufficient to overcome the public's right to access judicial documents when otherwise confidential arbitral documents are submitted to a federal court in connection with a request for the Court to enter judgment or issue a dispositive order.") (collecting cases); *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, 2019 WL 4688705 at *3 (S.D.N.Y. 2019) (noting that the existence of a confidentiality agreement, on its own, is "insufficient to overcome the First Amendment presumption of access" (quoting *Alexandria Real Est. Equities, Inc. v. Fair*, 2011 WL 6015646 at *3 (S.D.N.Y. 2011))); *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, 2012 WL 3583176 at *6 (S.D.N.Y. 2012) ("Courts in this District have held that the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access, and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement." (internal quotation marks and citation omitted)); *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144 at *5 (S.D.N.Y. 2023).

Respondents offer no other reason for the Court to seal the Award in its entirety in this case. Here there is no indication that Petitioner had an improper purpose in filing the petition. Nor does any party argue that The Times seeks to unseal the Award for improper purposes. To grant Respondents' motion to seal the Award in its entirety on this record would require the Court to establish a general rule that the confidential nature of an arbitral award suffices on its own to override the First Amendment right of access to a document filed with the Court. The Court has no basis upon which to do so. *See, e.g.*, *Lohnn*, 2022 WL 36420, at *13.[4]

---

[4] Respondents argue that the presumption of public access to the Award is "weak because Petitioner voluntarily dismissed his petition before the Court considered it." X Mot. at 2. But this argument is misplaced because the Court is evaluating a document to which the First Amendment, rather than the common law, test applies. "In contrast to the First Amendment right, the common law right attaches with different weight . . . ." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164–65 (2d Cir. 2013). All of the cases that Respondents cite in support of this argument regarding the weight

7

The fact that the Award contains financial information regarding Petitioner does not justify sealing the Award. As described above, Petitioner asks that the Court redact the dollar amount of his financial award. Dkt. No. 25. And Respondents argue that the "Award also includes private financial information about Petitioner that warrants sealing." X Mot. at 2. The Court acknowledges that courts "routinely permit parties to redact sensitive financial information" from public filings. *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (collecting cases). But neither Petitioner nor Respondents have provided the Court with an affidavit, or even a factual proffer, explaining the nature of the harm to Petitioner should the amount of the award be disclosed to the public in this case. And the Court observes that Petitioner did not assert any interest in sealing any portion of the Award when it was first filed. The fact that Petitioner did not ask for the information to be sealed initially suggests that the harm to him from disclosure of the information is not substantial. Lacking any factual basis to conclude that the disclosure of the amount of the award to Petitioner will result in concrete harm to him, the Court cannot make the specific finding required to overcome the presumption of public access to the Award.

Respondents have not provided the Court with sufficient justification to warrant overcoming the First Amendment presumption of public access to the Award. Thus, Respondents' motion is denied.

---

to be afforded the presumption apply the common law test. X Mot. at 2.

8

## IV.    CONCLUSION

Respondents' motion to seal the Award is denied.  Barring further order of the Court, the Clerk of Court is directed to modify the viewing level of Dkt. No. 5 and 28 to permit public access to those documents on June 26, 2025.  The Clerk of Court is further directed to terminate the motion pending at Dkt. No. 28.

SO ORDERED.

Dated:  June 20, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

9

**AA0085**

willenken

June 23, 2025

707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

TEL 213.955.9240
FAX 213.955.9250

willenken.com

Kenneth M. Trujillo-Jamison
ktrujillo-jamison@willenken.com
213.955.8031

<u>**Via ECF Only**</u>

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Maheu v. Twitter, Inc., et al.*, Case No. 25-cv-836-GHW (S.D.N.Y.)
       <u>Motion Seeking Stay of June 20, 2025 Order Denying X Corp.'s Motion to Seal</u>

Dear Judge Woods:

Under Paragraph I.A of Your Honor's Individual Rules of Practice in Civil Cases and Rule 7.1(e) of this Court's Local Rules, respondent X Corp. (which is also the successor in interest to respondent Twitter, Inc.) respectfully moves for a stay of the execution of the Court's June 20, 2025 order denying X Corp.'s motion seeking an order to seal the confidential arbitral award filed in this case (Dkt. 32; "Denial Order"), until X Corp. files a notice of appeal from the Denial Order and while that appeal is pending.[1] Non-parties The New York Times Company and Kate Conger ("The Times") take no position on the stay X Corp. requests in this motion. As of when this motion is being filed, counsel for Petitioner had not informed counsel for X Corp. of its position.

X Corp. seeks a stay of the execution of the Denial Order's directive to unseal the confidential arbitral award in this case (the "Award") to maintain the status quo while it pursues its appeal—which concerns important, countervailing issues about the First Amendment right of public access and the confidentiality of arbitral proceedings under the Federal Arbitration Act. Unsealing the Award now would effectively moot X Corp.'s appeal, as even a favorable decision from the Second Circuit could not remedy the injury X Corp. would have incurred by public release of the Award.

The stay X Corp. seeks is like the relief granted by this Court in *Stafford v. Int'l Bus. Machs. Corp.*, No. 21-CV-6167 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022), *rev'd and vacated on other grounds*, 78 F.4th 62 (2d Cir. 2023), and in *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, No. 14-CV-6867, 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016). In *Stafford*, the Court stayed its unsealing order for 30 days and also ordered that the arbitral award remain sealed if the defendant timely filed a notice of appeal. 2022 WL 1486494, at *3. This Court in *Bernstein* ordered the same relief. 2016 WL 1071107, at *16. This Court's approach in both cases was sound, preserving the status quo while the parties pursued their appeals. And, consistent with this Court's approach in *Stafford* and *Bernstein*, courts in this circuit routinely stay orders involving sealing issues pending appellate review. *See, e.g.*, *United States v. Cicale*, No. 05-CR-60-2, 2018 WL 388941, at *5 (E.D.N.Y. Jan. 11, 2018) (staying execution of order granting in part motion to unseal documents subject to the First Amendment right of public access for 30 days "so that any party that wishes to appeal . . . may seek a lengthier

---

[1] X Corp. intends to file a notice of appeal from the Denial Order as soon as tomorrow.



The Honorable Gregory H. Woods
June 23, 2025
Page 2

stay from the Court of Appeals"); *see also In re Search Warrant for Second Floor Bedroom*, 489 F. Supp. 207, 212 (D.R.I. 1980) (staying order on motion to unseal pending appeal "to preserve the status quo and prevent irreparable harm"); *Walmart Inc. v. Synchrony Bank*, No. 18-CV-05216, 2020 WL 475829, at *5 (W.D. Ark. Jan. 29, 2020) ("[A]ny appellate review of [the] prior Order unsealing the Complaint will be rendered toothless if the Court denies a stay pending appeal and immediately unseals the sealed Complaint."); *Seidl v. Am. Century Cos., Inc.*, No. 10-4152-CV, 2014 WL 10937513, at *8 (W.D. Mo. July 2, 2014) (in staying order on motion to unseal pending appeal, noting that "[o]therwise, the information would be revealed to the public before Defendants could protect their interests by seeking appellate review").

When deciding whether to stay an order pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Because "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citation modified). Each of these factors weighs in favor of the stay X Corp. requests.

*First*, X Corp. "has made a strong showing that [it] is likely to succeed on the merits." *See Hilton*, 481 U.S. at 776. As explained in X Corp.'s Motion for Approval to Seal (Dkt. 28), "several factors . . . constitute higher values that outweigh the First Amendment right to public access," including the "FAA's strong policy protecting the confidentiality of arbitral proceedings." *Id.* at 2 (quoting *Stafford*, 78 F.4th at 70, and citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143– 44 (2d Cir. 2004) and *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). As the Denial Order indicates, the Second Circuit has not issued any controlling opinion as to whether the confidentiality of arbitral proceedings constitutes a "higher value" sufficient to overcome the presumption of access under the First Amendment where, as here, Petitioner voluntarily dismissed the action before this Court canceled the Award in connection with the petition. *See* Denial Order at 6–7 (citing only district court cases). X Corp.'s appeal of the Denial Order, at the very least, raises "substantial questions" meriting a stay pending appeal. *See A&M Records, Inc. v. Napster, Inc.*, No. 00-16401, 00-16403, 2000 WL 1055915, at *1 (9th Cir. July 28, 2000) (in granting emergency motion to stay pending appeal, finding that appellant "raised substantial questions of first impression going to . . . the merits"); *see also Winters v. United States*, 89 S. Ct. 57, 59 (1968) (Douglas, J.) ("[i]n federal law, a stay is granted if substantial questions are presented and if denial of a stay may result in irreparable damage to the applicant").

*Second*, X Corp. "will be irreparably injured absent a stay." *See Hilton*, 481 U.S. at 776. Absent a stay, the confidentiality of the arbitration award at issue would be irrevocably breached, causing irreparable injury to X Corp. *See S.E.C. v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001) ("the alleged harm caused by disclosure of the Confidential Testimony would be immediate and



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240    FAX 213.955.9250    willenken.com

The Honorable Gregory H. Woods
June 23, 2025
Page 3

irreparable"). And if the Second Circuit later reverses the Court's Denial Order and orders that the Award be sealed, such an order could not remedy X Corp.'s injury if the Award is unsealed now.

*Third*, the stay sought by X Corp. would not "substantially injure the other parties interested in the proceeding." *See Hilton*, 481 U.S. at 776. Petitioner would suffer no injury under the stay. Rather, denying the stay would harm Petitioner, who seeks to keep the "dollar amount of his financial award" under seal. *See* Denial Order at 8. Although the Second Circuit has recognized a right of "immediate access" to sealed documents "where a right to access is found," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006), the requested stay will not impede The Times's "monitor[ing of] the work of the courts," *see id.*, nor would preserving the status quo injure The Times—considering the Award was the product of an already-concluded arbitration in an action voluntarily dismissed several months ago.

*Fourth*, "the public interest" lies in favor of the requested stay. *See Hilton*, 481 U.S. at 776. The Supreme Court has recognized the "liberal federal policy" of upholding arbitration agreements "according to their terms," *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 346 (2011), and, as noted, the Second Circuit has recognized "the FAA's strong policy protecting the confidentiality or arbitral proceedings," *Stafford*, 78 F.4th at 70. Although the Second Circuit has recognized the right of public access is "immediate," *Lugosch*, 435 F.3d at 126, that alone should not effectively vanquish X Corp.'s right to appeal from the Denial Order—which concerns an arbitration award that was not subject to any substantive order by this Court. And, denying the requested stay would render X Corp.'s appellate rights a practical nullity, as explained above, which would be contrary to the public interest.

In sum, all four factors weigh in favor of granting a stay of the Denial Order while X Corp.'s appeal from that order is pending. Accordingly, for these reasons, X Corp. respectfully requests that the Court stay the execution of the Denial Order until it timely files a notice of appeal and during the pendency of that appeal.[2]

Respectfully submitted,

*/s/Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison

cc:      Counsel of record (via ECF)

---

[2] In the alternative, X Corp. seeks a stay of the execution of the Denial Order pending the Court's resolution of this letter-motion.



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240    FAX 213.955.9250    willenken.com

Case 1:25-cv-00836-GHW    Document 34    Filed 06/24/25    Page 1 of 3



June 23, 2025

<u>**VIA ECF ONLY**</u>      **MEMORANDUM ENDORSED**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

TEL  213.955.9240
FAX  213.955.9250

willenken.com

Kenneth M. Trujillo-Jamison
ktrujillo-jamison@willenken.com
213.955.8031

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 6/24/2025

Re:    *Maheu v. Twitter, Inc., et al.*, Case No. 25-cv-836-GHW (S.D.N.Y.)
       <u>Motion Seeking Stay of June 20, 2025 Order Denying X Corp.'s Motion to Seal</u>

Dear Judge Woods:

Under Paragraph I.A of Your Honor's Individual Rules of Practice in Civil Cases and Rule 7.1(e) of this Court's Local Rules, respondent X Corp. (which is also the successor in interest to respondent Twitter, Inc.) respectfully moves for a stay of the execution of the Court's June 20, 2025 order denying X Corp.'s motion seeking an order to seal the confidential arbitral award filed in this case (Dkt. 32; "Denial Order"), until X Corp. files a notice of appeal from the Denial Order and while that appeal is pending.[1] Non-parties The New York Times Company and Kate Conger ("The Times") take no position on the stay X Corp. requests in this motion. As of when this motion is being filed, counsel for Petitioner has not informed counsel for X Corp. of its position.

X Corp. seeks a stay of the execution of the Denial Order's directive to unseal the confidential arbitral award in this case (the "Award") to maintain the status quo while it pursues its appeal—which concerns important, countervailing issues about the First Amendment right of public access and the confidentiality of arbitral proceedings under the Federal Arbitration Act. Unsealing the Award now would effectively moot X Corp.'s appeal, as even a favorable decision from the Second Circuit could not remedy the injury X Corp. would have incurred by public release of the Award.

The stay X Corp. seeks is like the relief granted by this Court in *Stafford v. Int'l Bus. Machs. Corp.*, No. 21-CV-6167 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022), *rev'd and vacated on other grounds*, 78 F.4th 62 (2d Cir. 2023), and in *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, No. 14-CV-6867, 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016). In *Stafford*, the Court stayed its unsealing order for 30 days and also ordered that the arbitral award remain sealed if the defendant timely filed a notice of appeal. 2022 WL 1486494, at *3. This Court in *Bernstein* ordered the same relief. 2016 WL 1071107, at *16. This Court's approach in both cases was sound, preserving the status quo while the parties pursued their appeals. And, consistent with this Court's approach in *Stafford* and *Bernstein*, courts in this circuit routinely stay orders involving sealing issues pending appellate review. *See, e.g.*, *United States v. Cicale*, No. 05-CR-60-2, 2018 WL 388941, at *5 (E.D.N.Y. Jan. 11, 2018) (staying execution of order granting in part motion to unseal documents subject to the First Amendment right of public access for 30 days "so that any party that wishes to appeal . . . may seek a lengthier

---

[1] X Corp. intends to file a notice of appeal from the Denial Order as soon as tomorrow.



The Honorable Gregory H. Woods
June 23, 2025
Page 2

stay from the Court of Appeals"); *see also In re Search Warrant for Second Floor Bedroom*, 489 F. Supp. 207, 212 (D.R.I. 1980) (staying order on motion to unseal pending appeal "to preserve the status quo and prevent irreparable harm"); *Walmart Inc. v. Synchrony Bank*, No. 18-CV-05216, 2020 WL 475829, at *5 (W.D. Ark. Jan. 29, 2020) ("[A]ny appellate review of [the] prior Order unsealing the Complaint will be rendered toothless if the Court denies a stay pending appeal and immediately unseals the sealed Complaint."); *Seidl v. Am. Century Cos., Inc.*, No. 10-4152-CV, 2014 WL 10937513, at *8 (W.D. Mo. July 2, 2014) (in staying order on motion to unseal pending appeal, noting that "[o]therwise, the information would be revealed to the public before Defendants could protect their interests by seeking appellate review").

When deciding whether to stay an order pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Because "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citation modified). Each of these factors weighs in favor of the stay X Corp. requests.

*First*, X Corp. "has made a strong showing that [it] is likely to succeed on the merits." *See Hilton*, 481 U.S. at 776. As explained in X Corp.'s Motion for Approval to Seal (Dkt. 28), "several factors . . . constitute higher values that outweigh the First Amendment right to public access," including the "FAA's strong policy protecting the confidentiality of arbitral proceedings." *Id.* at 2 (quoting *Stafford*, 78 F.4th at 70, and citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) and *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). As the Denial Order indicates, the Second Circuit has not issued any controlling opinion as to whether the confidentiality of arbitral proceedings constitutes a "higher value" sufficient to overcome the presumption of access under the First Amendment where, as here, Petitioner voluntarily dismissed the action before this Court considered the Award in connection with the petition. *See* Denial Order at 6–7 (citing only district court cases). X Corp.'s appeal of the Denial Order, at the very least, raises "substantial questions" meriting a stay pending appeal. *See A&M Records, Inc. v. Napster, Inc.*, No. 00-16401, 00-16403, 2000 WL 1055915, at *1 (9th Cir. July 28, 2000) (in granting emergency motion to stay pending appeal, finding that appellant "raised substantial questions of first impression going to . . . the merits"); *see also Winters v. United States*, 89 S. Ct. 57, 59 (1968) (Douglas, J.) ("[i]n federal law, a stay is granted if substantial questions are presented and if denial of a stay may result in irreparable damage to the applicant").

*Second*, X Corp. "will be irreparably injured absent a stay." *See Hilton*, 481 U.S. at 776. Absent a stay, the confidentiality of the arbitration award at issue would be irrevocably breached, causing irreparable injury to X Corp. *See S.E.C. v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001) ("the alleged harm caused by disclosure of the Confidential Testimony would be immediate and



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240    FAX 213.955.9250    willenken.com

The Honorable Gregory H. Woods
June 23, 2025
Page 3

irreparable"). And if the Second Circuit later reverses the Court's Denial Order and orders that the Award be sealed, such an order could not remedy X Corp.'s injury if the Award is unsealed now.

*Third*, the stay sought by X Corp. would not "substantially injure the other parties interested in the proceeding." *See Hilton*, 481 U.S. at 776. Petitioner would suffer no injury under the stay. Rather, denying the stay would harm Petitioner, who seeks to keep the "dollar amount of his financial award" under seal. *See* Denial Order at 8. Although the Second Circuit has recognized a right of "immediate access" to sealed documents "where a right to access is found," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006), the requested stay will not impede The Times's "monitor[ing of] the work of the courts," *see id.*, nor would preserving the status quo injure The Times—considering the Award was the product of an already-concluded arbitration in an action voluntarily dismissed several months ago.

*Fourth*, "the public interest" lies in favor of the requested stay. *See Hilton*, 481 U.S. at 776. The Supreme Court has recognized the "liberal federal policy" of upholding arbitration agreements "according to their terms," *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 346 (2011), and, as noted, the Second Circuit has recognized "the FAA's strong policy protecting the confidentiality or arbitral proceedings," *Stafford*, 78 F.4th at 70. Although the Second Circuit has recognized the right of public access is "immediate," *Lugosch*, 435 F.3d at 126, that alone should not effectively vanquish X Corp.'s right to appeal from the Denial Order—which concerns an arbitration award that was not subject to any substantive order by this Court. And, denying the requested stay would render X Corp.'s appellate rights a practical nullity, as explained above, which would be contrary to the public interest.

In sum, all four factors weigh in favor of granting a stay of the Denial Order while X Corp.'s appeal from that order is pending. Accordingly, for these reasons, X Corp. respectfully requests that the Court stay the execution of the Denial Order until it timely files a notice of appeal and during the pendency of that appeal.[2]

Respectfully submitted,

*/s/Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison

cc:     Counsel of record (via ECF)

Application granted.  The Clerk of Court is directed not to change the viewing level on the documents filed at Dkt. Nos. 5 and 28 until 28 days from the date of this order.  The viewing level will not be changed if Respondents file a timely notice of appeal unless and until the Court orders otherwise.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 33.

SO ORDERED.
Dated:  June 24, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

---

[2] In the alternative, X Corp. seeks a stay of the execution of the Denial Order pending the Court's resolution of this letter-motion.



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240   FAX 213.955.9250   willenken.com